## 12122

### EBNER v. HAVERTY FURNITURE CO.

#### (136 S. E., 19)

1. ACTION—"REMEDIABLE RIGHT" IS LEGAL CONCLUSION FROM FACTS, WHILE "REMEDY" IS APPROPRIATE FORM OF RELIEF FOR ENFORCEMENT OF REMEDIAL RIGHT.—A "remedial right" is a legal conclusion from certain state of facts, whereas, a "remedy" is the appropriate form of relief by which that remediable right may be enforced.

2. ELECTION OF REMEDIES—RULE AS TO ELECTION OF REMEDIES APPLIES WHERE PARTY, IN ASSERTION OF REMEDIABLE RIGHT, OCCUPIES INCONSISTENT POSITIONS.—The doctrine of election of remedies applies where party in the assertion of his remedial rights occupies inconsistent positions in relation to the facts.

3. ELECTION OF REMEDIES—WHERE ALTERNATIVE REMEDIES DEPEND ON IDENTICAL FACTS, THEY ARE NOT INCONSISTENT, CALLING FOR APPLICATION OF DOCTRINE OF ELECTION OF REMEDIES.—Where alternative remedies are founded on identical statement of facts, such remedies are not inconsistent remedies, calling for the application of the doctrine of election of remedies, though they may not be able to stand together.

4. ELECTION OF REMEDIES—UNSUCCESSFUL ACTION TO RESCIND CONTRACT FOR SALE OF FURNITURE HELD NOT ELECTION OF REMEDIES, PRECLUDING ACTION FOR DAMAGES FOR FRAUD.—Doctrine of election of remedies *held* not to preclude suit for damages, actual and punitive, on account of alleged fraudulent representations in sale of furniture, brought after plaintiff had unsuccessfully prosecuted action to rescind contract.

Before DEVORE, J., Charleston, October, 1924. Affirmed.

Action by H. T. Ebner against the Haverty Furniture Company. Judgment for plaintiff and defendant appeals.

*Messrs. Nathan & Williams,* for appellant cite: *Remedy for fraudulent breach of warranty as to chattels sold:* 131 S. E., 35; 122 S. E., 579; 122 S. C., 336; 115 S. E., 293. *Non-suit and judgment on the merits distinguished:* 92 S. C., 14; 84 S. C., 242; 26 N. E., 914; 247 U. S., 207; 36 L. R. A., 193. *Action based on one of two inconsistent remedies bars action on the other:* 169 U. S., 1; 126 N. Y., 89; 115 N. Y., 387; 105 N. Y., 692; 48 La. Ann., 1422; 20 So., 890; 243 S. W., 808; 26 A. L. R., 107; 30 Ohio C. C., 561; 33 Am. Dec., 426; 163 S. W., 989; L. R. A., 1915-F 962; 5 L. R. A., 693; 13 L. R. A., 472; 9 R. C. L., 957 and 965; 2 R. C. L. Supp., 910; 20 C. J., 14; 3 Elliott on Contracts, Sec. 2097. *Cases distinguished:* 118 S. C., 470; 247 U. S., 207; 36 L. R. A., 193; 142 F., 415.

*Mr. Ernest L. Visanska,* for respondent cites: *Suit for rescission of contract is no election between inconsistent remedies for fraudulent breach of warranty:* 247 U. S., 207; 36 L. R. A., 193; 34 L. R. A. (N. S.), 312; 8 L. R. A. (N. S.), 144; 9 R. C. L., 961. *Cases distinguished:* 122 S. C., 336; 5 L. R. A., 693; 5 Metc. (Mass.), 49. *Choice of fancied remedy not such election of remedies as to bar action for proper remedy:* 118 S. C., 470; 142 F., 415; 20 C. J., 21. *Former trial of case at bar on another theory:* 128 S. C., 151. *Same; nonsuit not final adjudication therein:* 122 S. C., 336; 118 S. C., 470; 92 S. C., 14; 84 S. C., 242; 5 N. E., 799.

December 10, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for damages, actual and punitive, on account of the alleged fraudulent representations made by the defendant in a sale to the plaintiff of a set of furniture; an action sounding in damages for deceit. It is a sequel to a former action between the parties, in which the plaintiff

sued for the rescission of the contract of sale upon the identical ground, and a return of the purchase price which he had paid. The former action resulted in a reversal of the judgment of the circuit Court in favor of the plaintiff and the direction of a nonsuit, upon the ground that, as the plaintiff showed that it was impossible for him to return the property in the condition in which he had received it, the action for rescission could not be maintained. 128 S. C., 151; 122 S. E., 578.

The facts in the two actions, upon which the plaintiff based his demands for relief, are precisely the same, the fraudulent misrepresentation; the only difference between them is that in the former action the remedy invoked was a rescission of the contract and a return of the purchase price paid, and in the present action the remedy invoked is damages for the fraudulent misrepresentation.

The facts of the case appear to be as follows: In January, 1921, the plaintiff purchased a suite of furniture from the defendant and paid therefor $990. He installed it in his home and continuously used it up to February 1922. At the latter time a fire in his home caused damage to the furniture. When he undertook to have it repaired, he discovered for the first time that the furniture was not solid mahogany, as he claims that the defendant represented it to be, but was mahogany veneer. The furniture was so damaged by the fire and water that it could not be returned to the seller in the same condition as when it was sold. The plaintiff tendered it back to the defendant in that condition.

Upon the former appeal it was held by this Court that the plaintiff could not maintain his action for rescission, for the reason that "the buyer is not entitled to a rescission of the contract and a return of his money, unless he is able to and does return or tender the goods to the seller in substantially the same condition as he received them"; that accordingly the defendant's motion for a nonsuit upon this

ground should have been granted. The plaintiff then instituted the present action for damages as stated.

The complaint stated the facts as above outlined, and demanded $440 actual and $2,500 punitive damages. The answer denies the material allegations of the complaint, and sets up the defense that the plaintiff, having sued for a rescission of the contract and lost, cannot now maintain an action for damages, under the doctrine of "election of remedies."

The case was tried before his Honor, Judge DeVore. At the appropriate times, the defendant moved for a nonsuit and for a directed verdict upon the ground stated, which motions were refused. The jury rendered a verdict in favor of the plaintiff for $250; and, from the judgment entered thereon, the defendant has appealed.

The only question involved in the appeal is the right of the plaintiff, under the circumstances, to maintain the present action for damages; whether he is concluded by the result of the former case, under the doctrine of election of remedies.

The subject has been discussed in a myriad of cases; in them there is great confusion and irreconcilable conflict. We venture to suggest that much of the confusion and conflict results from a failure to appreciate the double contingency in which the doctrine is applicable. There are two distinct conditions under which the plaintiff may be met with the objection of election of remedies: (1) Where he has alleged a certain state of facts and invoked a certain remedy, and later brings an action alleging an entirely different and repugnant state of facts and invokes a certain remedy different from that invoked in the first action; (2) where he has alleged a certain state of facts and invoked a certain remedy, and later brings an action alleging the same facts as in the first action, and invokes a certain remedy different from the remedy invoked in the first action.

The first condition presents rather a case of "election of remediable rights," than a case of "election of remedies," although it is included in the general appellation of "election of remedies." A remediable right is a legal conclusion from a certain state of facts; a remedy is the appropriate legal form of relief by which that remediable right may be enforced.

The first condition, the election of remediable rights, is based "upon the theory that a party cannot, in the assertion of his right, occupy inconsistent positions in relation to the facts which form the basis of his respective remedies." *McMahan v. McMahon,* 122 S. C., 336; 115 S. E., 293; 26 A. L. R., 1295. As is further said in that case:

"If a party should invoke a remedy appropriate to a certain state of facts, and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, his invocation of the first remedy is an election which by the bare commencement of the action will bar his right to invoke the other remedy."

It is plain that in such a case, the inconsistency or repugnancy does not lie in the remedies which he has invoked, but in the different statements of fact, the different remediable rights, asserted by him in the respective actions; and the law, in the interest of honest pleading, will hold him estopped or barred by his first complaint, from pursuing a different remedy based upon a repugnant state of facts.

The law applicable to the second condition named above, which presents a pure case of election of remedies, is quite different, for very sound reasons. In the *McMahan case, supra,* the Court declares:

"When a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies [calling for the application of the

doctrine], though they may not be able to 'stand together'; the enforcement of the one remedy being a satisfaction of the party's claim.   In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication [we interpolate, in favor of the plaintiff], or unless by the invocation of the remedy first sought to be enforced, the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other."

Under such circumstances, there will have been no election as between remediable rights, for they proceed from the identical state of facts.   As is said in note to 34 L. R. A. (N. S.), 310, quoted with approval in the *McMahan case, supra:*

"No right or title, but only a remedy, is elected, and until judgment there is no bar to a change of remedy."

In the *McMahan case,* the plaintiff complained of a breach of a contract for the sale of land, by the defendant.   Based upon this remediable right, the plaintiff had the alternative remedies of suing for specific performance of the contract or for damages on account of its breach.   She elected to sue for specific performance, and, after the suit had been pending for some time, she discontinued it, and brought a second action for damages.   It is clear that under these circumstances she had made no election as between remediable rights, for she never had but one, the contract and its breach.   She made an election between the remedies which were open to her, and it was held:

"The suit for specific performance therefore not being the invocation of an inconsistent remedy [more accurately, we interpolate, not being an election between repugnant remediable rights], and being discontinued before final judgment, did not of itself constitute such an election as barred the later suit for damages."

If the suit for specific performance had proceeded to final judgment in her favor, the election would have been complete, and she could not have maintained the later suit for damages. If the judgment had been against her, that fact would have been conclusive that, when she brought it, she did not have alternative remedies, and as we shall see that the election of alternative remedies presupposes that more than one remedy actually existed at the time when the plaintiff is charged with an election.

In the case at bar, the plaintiff, at the time he brought his suit for rescission, had but one remediable right, the deceit of the defendant in the fraudulent misrepresentation of the quality of the furniture. Based upon this single remediable right, he had the alternative remedies of suing for a rescission of the contract, or for damages on account of the alleged deceit. He exercised his option by suing for rescission. He did not make a choice of remediable rights, for he had but one; he made a choice of remedies, and failed in its enforcement. The judgment in that case is conclusive that he never had the remedy of rescission; hence there were not alternative remedies existing at the time between which he is supposed to have elected. If he had succeeded in that suit, his election would have been complete.

In 20 C. J., 21, the text supported by several pages of authorities declares:

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent

remedial right. A party does not have two remedies between which he must elect where there is a valid defense to one of them."

The distinction is clearly drawn in the case of *Bierce v. Hutchins,* 205 U. S., 340; 27 S. Ct., 524; 51 L. Ed., 828, where the Court says:

"Election is simply what its name imports: A choice, shown by an overt act, between two inconsistent rights. [remediable rights, nor remedies], either of which may be asserted at the will of the chooser alone. * * * The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt."

And so far as remedies are concerned, based upon the identical single remediable right, we hold that the invocation of one of the alternative remedies open to him, inconsistent though they may be, which judicially fails, does not bar the plaintiff's invocation of the other, except under the circumstances above stated, which have no place here.

The application of the doctrine is not a Procrustean Rule; whether at common law or equity side of the Court, it does not depend upon technical rules, but upon principles of equity and justice.

In case at bar, the question of fraudulent misrepresentation has been decided by a jury in favor of the plaintiff; it was not decided in the first action. To hold that the plaintiff is barred by his election in bringing the first action, where the fraud was not determined, would be to smother forever that issue which has been decided against the defendant in the present action—a conclusion which does not comport with Court's conception of equity and justice.

The judgment of this Court is that the judgment of the circuit Court be affirmed.

MESSRS. JUSTICES WATTS, BLEASE, and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.