May 15, 1929. The opinion of the Court was delivered by
The reasoning and conclusions of his Honor, Judge Shipp, are entirely satisfactory to this Court, and his decree is accordingly affirmed.
It may be proper to advert to the error of the Master which controlled his decision. He did not pass upon the question whether the deeds of 1918, 1919, and 1920 were executed and delivered upon the dates which they bear, but conceived that as the Recording Act, Section 3542, Code, 1912 (Section 5312, Code, 1922), provides that where a deed or other paper required to be recorded is not recorded within 10 days after its execution, the recording "shall, from the date of such record, have the same effect as to the rights of all creditors and purchasers without notice as if the said deeds or instruments of writing had been executed and delivered on the date of the record thereof," all of the circumstances *Page 410 
connected with the execution and delivery of the deed must be analyzed as if they had occurred upon the day of record. The proviso in the Act refers only to the effect of the recording, and not to the circumstances connected with the execution and delivery of the deed which must be considered as of the date of the deed, not the date of the record.
His Honor, the Circuit Judge, decided that the deeds were executed and delivered at their respective dates; the case is therefore, so far as recording is concerned, controlled by the case of Carroll v. Cash Mills, 125 S.C. 332, 118 S.E., 290, as the Circuit Judge held.
The question of the effect of the failure to record within the prescribed time upon the rights of creditors is quite apart from the question of fraud in the execution and delivery of the deeds. Although the creditor may not obtain any advantage from such failure to record, he may still attack the deeds for fraud, which the plaintiff in this case has done. The disposition of this feature of the case by his Honor is satisfactory.
The interesting question whether the deeds, executed in good faith, had been purposely kept from record, with a view of establishing a false credit with the plaintiff, and that thereby a fraud was committed upon it, has not been raised in the case. It is debatable whether the plaintiff is not now bound by its election to consider the deeds fraudulent. Ebnerv. Haverty Furniture Co., 138 S.C. 74, 136 S.E., 19.
The judgment of this Court is that the decree appealed from be affirmed.
MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur. *Page 411