12861

WHITE v. McKNIGHT

(152 S. E., 512)

September, 1929.

372

*Messrs. Epps & Levy,* and *Lee & Moise,* for appellants,

*Mr. L. D. Jennings,* for respondent,

March 20, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case comes before this Court on appeal by the defendants from two orders isued by his Honor, Judge John S. Wilson, the first order, dated August 17, 1929, allowing an amendment proposed by the plaintiff to the complaint, on condition that the plaintiff pay to the defendants' attorneys the sum of $407.60 within thirty days from the date of said order; the second order, dated September 16, 1929, extending the time within which to pay said sum of money to November 1, 1929, in accordance with request and motion of the plaintiff.

The action as originally commenced, January 27, 1926, was a suit for damages for an alleged breach of an alleged contract on the part of L. W. Jenkins, who died December 9, 1924, it being alleged by the plaintiff that the deceased agreed to devise to the plaintiff a certain tract of land situate in Sumter county, consisting of one hundred and seventy-nine acres, and that the deceased failed to carry out said

contract. The defendants, by their answer, set up a number of defenses, one of which was that the alleged agreement was void under the statute of frauds. The case was tried at the Summer term of court, 1926, of Sumter county, before his Honor, Judge John S. Wilson and a jury. The defense of the statute of frauds his Honor overruled, and the trial resulted in a verdict for the plaintiff in the sum of $4,500, and judgment was entered accordingly. On appeal to this Court by the defendants (reported in 146 S. C., 59, 143 S. E.; 552, 59 A. L. R., 1297), the lower Court was reversed and the case remanded, with leave to the plaintiff to move for an amendment of his complaint, however, reserving to the defendants the right to resist said motion on the ground of election of remedies or otherwise. For a full statement of the case, the issues involved, and the questions discussed and decided by this Court, reference may be had to the reported case *supra*. Pursuant to leave granted by this Court, plaintiff's counsel served upon attorneys for the defendants the following notice of motion to have his complaint amended:

"To Epps & Levy and Lee & Moise, Attorneys for the defendants above named:

"You will please take notice, that the plaintiff in this cause will move before his Honor Judge John S. Wilson, at his chambers, in Sumter, S. C., on Wednesday, July 31, 1929, at 10 o'clock, a. m., or as soon thereafter as counsel can be heard, for an order permitting plaintiff to amend his complaint in this cause, in the following particulars, to-wit:

"By striking out the words 'all to plaintiff's damage in the sum of Sixteen Thousand, Five Hundred and Ninety-one ($16,591.00) Dollars at the end of paragraph 8 of the complaint.

"By striking out paragraphs 9 and 10 of the complaint.

"By adding the following as paragraph 9:

"9. That by reason of the contract entered into between plaintiff and the said, L. W. Jenkins, and relying thereon,

and upon the faith of the promise of said L. W. Jenkins, this plaintiff expended labor, money, time and services in improving said premises, and paid high and excessive rentals therefor, of the value of Four Thousand, Five Hundred Dollars, all of which enured to the benefit of the said L. W. Jenkins."

"By adding the following as paragraph 10:

"10. That by reason of the foregoing, the defendants are indebted unto plaintiff in the sum of Four Thousand Five Hundred ($4,500.00) Dollars with interest thereon from December 31st, 1924, at the rate of seven (7%) per cent per annum."

At the hearing of this motion before his Honor, Judge Wilson, the defendants' counsel opposed the motion upon the following grounds:

## "Grounds Opposing Motion to Amend

"1. The plaintiff has already made an election of remedy in this case which precludes the prosecution of the suit as now sought, in that: the original suit which resulted in a verdict for the plaintiff, was based upon the position that an express contract to devise had been entered into between L. W. Jenkins and the plaintiff, that L. W. Jenkins had breached the same, and that the plaintiff was standing on the contract and demanded damages for its breach by the other party; whereas the present position of the plaintiff is, that there was only an implied contract which was to return to the plaintiff the value of certain labor, etc.

"2. That at the inception of the suit, the plaintiff knew that he had several remedies for his imagined wrong, and was charged with knowledge of the fact that he could not maintain an action for damages for the breach of a verbal contract to devise land; yet, notwithstanding this, he brought an action at law for such damages and withheld from his complaint the fact that his alleged contract was verbal, and thus caused the defendants in their fiduciary

capacity to expend $1,027.60 in defending said action and defeating the same. The defendants have been caused great detriment by reason of the fact that the plaintiff chose the remedy which he first chose, and he should not now be permitted to seek a remedy which is different and inconsistent from the first.

"3. That a verbal contract to devise land is not void under the statute but merely unenforceable, the same being valid for all general purposes, except to sustain an action thereon Therefore when the contract was breached, the plaintiff had the choice of standing upon the contract and asking that the defendant specifically perform or pay damages, or, else, abandoning the contract and asking a return of the consideration paid. Having elected to stand on the contract, having tried the case on this basis and having caused the defendants great expense in their fiduciary capacity, the plaintiff should not now be permitted to change his position after having thus injured the other party.

"4. The plaintiff is guilty of such delay in making this motion, said delay being absolutely unexplained, that the same should be refused. It must have been in the contempation of the Supreme Court, when they offered the plaintiff the privilege of making this motion, that the same should be promptly made, yet the plaintiff has waited a year before taking any steps in the matter.

"5. It appears by affidavit that although large costs have accrued against the plaintiff, and which have been paid out by the defendants as fiduciaries, still the plaintiff has failed to pay the same upon request. It therefore appears that the Court should now refuse the motion of the plaintiff, as such refusal would be in furtherance of the ends of justice.

"6. Under no circumstances should the Court permit the plaintiff to amend his complaint, and thus for all practical purposes start a new suit, without first permitting all costs to be taxed to date, and then requiring the plaintiff to pay the same promptly, as a condition precedent to amendment.

"7. The plaintiff having elected to file claim, and bring an action for damages for breach of the alleged contract is now estopped and precluded from bringing an action for the value of labor, services, etc.

"8. Under no circumstances should the Court permit the plaintiff to amend his complaint, and thus for all practicable purposes commence a new suit, without stating in the order that the defendants are permitted to plead the Statue of Limitations as if the new action was commenced as of this date.

"9. The proposed amendments should not be permitted, because the result would be the setting up of an entirely new cause of action of such nature as is not provided for by the Code, and such as should not appeal to the sound discretion of the Court under the circumstances of this case."

In opposition to the motion to amend the complaint, counsel for defendants made use of an affidavit of one of its number, in which affidavit it was set forth that the defendants had paid out the following items of expense in connection with the case which they contended were proper costs and disbursements and should be paid by the plaintiff, and urged as an additional ground for refusing plaintiff's motion to amend that plaintiff had not paid said items, to wit:

| | |
|---|---:|
| Paid Isaac Walker, witness ..................$ | 10.00 |
| Paid O. M. Porter, witness ................... | 7.50 |
| Paid P. B. Brumer, witness ................... | 10.00 |
| Paid A. Magazine, witness ................... | 4.50 |
| Paid Mrs. J. T. Phillips, witness .............. | 270.00 |
| Paid stenographer, transcript ................ | 54.00 |
| Paid printing case on appeal ................. | 196.60 |
| Paid printing arguments on appeal ............. | 90.00 |
| Supreme Court fee, reversing case ............ | 35.00 |
| Paid attorneys' fees ......................... | 350.00 |

$1,027.60

After hearing the motion his Honor, Judge Wilson, issued the following order:

"This matter comes up at chambers on motion duly noted by the plaintiff for permission to amend his complaint in the particulars set out in said notice.

"The defendants oppose the motion on grounds set forth in their written objections. After hearing argument, I am of the opinion that the motion should be granted on condition.

"It is therefore ordered that the motion to amend be, and the same is hereby granted, upon the condition that the plaintiff pay to the attorneys for the defendants within thirty days from August 17th, 1929, the sum of Four Hundred Seven and 60/100 Dollars, which amount covers the taxable costs to date and disbursements of the defendants, except the costs of the witness Mrs. J. T. Phillips.

"If the said amount is not paid by said date, then the motion to amend is refused."

Prior to and at the time the above order was issued, the plaintiff was represented by Messrs. Harby, Nash and Hodges. Some time thereafter L. D. Jennings, Esq., was substituted as counsel for the plaintiff, and in September, 1929, upon due notice, moved before Judge Wilson for an order extending the time to November 1, 1929, for the plaintiff to pay the said sum of $407.60 costs required in Judge Wilson's former order, dated August 17, 1929, which motion was made within the time required for making said payment and was based upon the following affidavit of the plaintiff:

"AFFIDAVIT

"Personally appeared before me L. L. White, who being duly sworn, says that he is the plaintiff in the case of L. L. White v. J. A. McKnight et al., and that on or about the 25th day of July, 1929, the plaintiff served upon the defendants' attorneys a notice that he would move before his Honor Judge John S. Wilson, at his chambers at Sumter,

S. C., on Wednesday, July 31st, 1929, for an order permitting him to amend his complaint as set forth in said notice, copy of which is hereto attached as Exhibit A, and made a part of this affidavit.

"That said motion was heard by his Honor Judge John S. Wilson at his chambers, at Sumter, S. C., on August 17, 1929, and after hearing said motion, his Honor passed an order permitting the plaintiff to amend his complaint as proposed, on condition that the plaintiff pay to the defendants' attorneys Four Hundred Seven and 60/100 ($407.60) Dollars costs within thirty days from August 17th, 1929, a copy of which order is hereto attached as Exhibit B, and made a part of this affidavit.

"That deponent has tried diligently to raise the money with which to pay the said Four Hundred Seven and 60/100 ($407.60) Dollars, but has been unable to do so up to this time. That deponent is a farmer, and has thirty acres of cotton that is just beginning to open, and deponent believes that he will make at least fifteen five-hundredweight bales. That out of this deponent will first have to pay One Hundred and Eighty-five ($185.00) Dollars which he owes to the National Bank of South Carolina, and for which they have a lien on said cotton to secure payment. That in addition to this, deponent will have to pay Three Hundred and Fifty ($350.00) Dollars rent for the premises, making a total of Five Hundred and Thirty-five ($535.00) Dollars. These amounts are all that the plaintiff is owing and for which said cotton stands security.

"That in addition to this, deponent has fifteen acres of corn on which deponent believes that he will produce at least two hundred and twenty-five bushels of corn. Deponent believes that he can gather all the cotton and corn by November 1st, 1929, and that at the present price of cotton and seed, deponent should receive between thirteen and fifteen hundred dollars for the cotton and seed, and will have ample over and above the amount due the bank and the

amount due for rent, with which to pay said costs of Four Hundred Seven and 60/100 ($407.60) Dollars.

"That if deponent had the funds at this time, he would immediately pay said costs, but as stated herein, it is impossible for him to raise said amount at this time, and he has no other means of his own with which to raise said sum except from the crops hereinbefore referred to, and that if the Court will extend the time until November 1st, 1929, for deponent to pay said costs, this will give him time in which to gather the crops above referred to, and he will then pay said costs.

"That by the Court extending the time for payment of said costs to November 1st, 1929, it will give the plaintiff an opportunity to raise the money to pay said costs, and amend his complaint and have his rights tried. That extending said time will not work any disadvantage or hardship upon the defendants, but on the contrary, not to extend said time for the plaintiff to gather his crop and pay said costs would cause the plaintiff to lose for all time the right to amend his complaint and try the cause.

"That if the Court will extend the time, deponent will, just as soon as he harvests his crop and pays the bank and the rent herein referred to, pay the said Four Hundred Seven and 60/100 ($407.60) Dollars out of said crop.

"L. L. WHITE.

"Sworn to before me this 11th day of September, 1929.

"J. INGRAM WILSON [L. S.],
"Notary Public for S. C."

Upon hearing the motion and giving due consideration to the same, his Honor, Judge Wilson, granted the motion and issued an order accordingly, extending the time within which to pay said amount of costs, $407.60, to November 1, 1929, and, upon paying said sum by that date, the plaintiff to have the right to amend his complaint in the manner directed theretofore in order dated August 17, 1929, and, failing to

make payment by that date, the right to amend the complaint to terminate. Payment of the amount on behalf of the plaintiff was duly tendered the attorneys for the defendants before the time specified for making payment had expired, and, upon refusal by the defendants' attorneys to receive the money, the same was duly deposited with the Clerk of Court for the defendants, and the clerk November 1, 1929, issued his receipt therefor.

As stated, the appeal is from the two orders above mentioned issued by his Honor, Judge Wilson. The allegations of error imputed to his Honor are set forth under eleven exceptions, which will be incorporated in the report of the case. In our consideration of the exceptions, we shall not discuss the same separately, but shall consider the questions which we think are raised by the exceptions.

Appellants take the position that the amendment to the complaint should not have been allowed because the plaintiff had already made an election of remedy. Counsel for appellants state the question thus: "Is the plaintiff barred in this case either by the doctrine of Election of Remedial Rights, or that of Election of Remedies?"

By reference to the allegations of the complaint upon which the case was tried and the plaintiff awarded a verdict for the sum of $4,500, it will be seen that the action was intended as an action for damages sustained by the plaintiff on account of the failure of the deceased, L. W. Jenkins, to carry out the alleged agreement to devise to the plaintiff the tract of land in question, and it was upon this theory that the case was tried. On appeal to this Court by the defendants, the judgment of the lower Court was reversed, upon the ground that the plaintiff had failed to overcome the bar of the statute, "either as to part performance, which is not avilable to him in an action at law for damages, or as to the required contract or memorandum or note thereof in writing," as was stated by this Court in the opinion in the case on the former appeal written by Mr. Justice Cothran.

See the reported case, 146 S. C., 59, 143 S. E., 552, 555, 59
A. L. R., 1297. But, as stated by Mr. Justice Cothran in said
opinion, quoting with approval from 27 C. J., 359: "Al-
though part performance by one of the parties to a contract
within the Statute of Frauds will not, at law, entitle such
party to recover upon the contract itself, he may nevertheless
recover for money paid by him or property delivered, or
service rendered in accordance with, and upon the faith of,
the contract. The law will raise an implied promise on the
part of the other party to pay for what has been done in the
way of part performance." It was further stated by Mr.
Justice Cothran, as the organ of the Court in that opinion,
that, "if the plaintiff has sacrificed money, property, or serv-
ices, in accordance with and upon the faith of a parol con-
tract, it would be a hardship upon him not to be compensated
therefor." Therefore, in reversing the judgment of the
lower Court entered upon the verdict rendered on the former
trial of the case, this Court did not remand the case with in-
structions to enter judgment in favor of the defendants, but
remanded the case to the lower Court, with leave to the
plaintiff to move for an amendment of his complaint as he
might be advised, however, without prejudice to the defend-
ants to have the right to resist such motion upon the ground
of the election of remedies or otherwise.

We are unable to agree with the appellants' position that
the amendment could not be allowed because of the plain-
tiff having already made an election of remedy. At the time
the action was instituted, it was not in order for the plain-
tiff to ask for a specific performance of the alleged contract
because the land involved in the contract had, by deed of the
said L. W. Jenkins a short time before his death, been con-
veyed to persons not parties to the alleged contract; neither
could the plaintiff maintain an action for damages for the
alleged breach of this equitable contract, as pointed out in
the opinion referred to. The only remedy the plaintiff has or
had under the facts of the case is an action to recover for

money expended by him, or property delivered or services rendered in reliance upon said alleged contract. Because the plaintiff undertook to pursue a course which was not open to him or adopt a supposed remedy which did not in reality exist, he is not now precluded from following the only course open to him and seeking the only remedy he had at the outset; namely, ask to recover for the money paid out by him, the property delivered, or services rendered in reliance upon the alleged contract. The amendment asked for by the plaintiff would permit him to do this, and we think the same was not objectionable on the ground that the plaintiff had already made an election of remedy, for there cannot be said to be an election of remedies unless there are separate and distinct remedies in existence when the action is begun. As we view the case, it is a mistake of remedy that is involved and not an election between remedies. In 20 C. J., 21–26, this discussion of the rule is given:

"An election can exist only where there is a choice be-- tween two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right. A party does not have two remedies between which he must elect where there is a valid defense to one of them, as where the remedy first sought is defeated by laches or the Statute of Limitations, although there are decisions inconsistent with this rule. The general rule as to the effect of pursuing a remedy to which a party is not entitled is not in conflict with the rule that one having a choice of two inconsistent remedies is bound by his election, and where a party does in fact have two inconsistent remedies at

his command the foregoing rule as to mistake of remedy does not apply.

"Where the victim of a wrong has at his command inconsistent remedies and he is doubtful which is the right one, in the absence of facts creating an equitable estoppel, he may pursue any or all of them until he recovers through one, since the prosecution of a wrong remedy to defeat will not estop him from subsequently pursuing the right one. A party is not required to select his procedure at his peril. This rule has been applied in actions where it is doubtful whether the remedy of plaintiff is under the employer's liability act or at common law, and is equally applicable where the question relates to remedies afforded by the statutes of different sovernign powers, each exclusive within its own domain.

"Where a person attempts to prosecute a remedy to which he is not entitled, in determining the question as to whether such action constitutes an election, it is not material that it shall also be found that the claim first asserted was made in good faith.

"Where a party prosecutes an action at law based on a misapprehension as to the legal effect of a written instrument, and dismisses the action, or where, in such case, on prosecution to judgment, is defeated because of such error, such acts do not constitute an election of remedies so as to preclude a subsequent action to reform the instrument." See, also, 9 R. C. L., 962.

In this connection we call attention to the fact that the allegations set forth in the amendment allowed by Judge Wilson cannot be said to constitute an entirely different state of facts from the facts contained in the original complaint, and in no sense can they be said to be repugnant to the facts alleged in the original complaint. In our opinion, the position of counsel for appellant as to "Election of Remedial Rights" is not well taken. We find nothing in the holding of this Court, as expressed in the opinions in the cases of *McMahan v. McMahon,* 122 S. C., 336, 115 S. E., 293, 26 A. L. R.,

1925, and *Ebner v. Haverty Furniture Co.,* 138 S. C., 74, 136 S. E., 19, cited by appellants, inconsistent with the ruling and holding of Judge Wilson in allowing the amendment.

The exceptions raising this question cannot be sustained.

As to the question of unreasonable delay in making the motion, raised by the exceptions, we deem it sufficient to call attention to the fact that matters of such nature must necessarily be left largely to the sound discretion of the Judge before whom they are heard, and an examination of the record before us fails to convince us that his Honor, Judge Wilson, did not properly exercise his discretion as to this.

The appellants also contend that the motion to amend the complaint should have been refused upon the ground that the plaintiff refused to pay costs. It appears from the record before us that some of the items asked by the defendants to be paid by the plaintiff could not be taxed as costs in the case. Judge Wilson required the plaintiff to pay the items he considered properly taxable as costs, and the plaintiff made proper tender of payment of the same. Furthermore, the requirement of any part of the costs to be paid before allowing the amendment was a matter within the discretion of his Honor.

Another contention of the appellants is that no provision for said amendment is provided by law. In our opinion, the amendment is clearly allowable under the statute imposing an obligation on the Courts to allow amendments in furtherance of justice.

Appellants also take the position that his Honor, Judge Wilson, should have embodied in his order permission to the defendants to plead the Statute of Limitations. It appears from the record in the case that the time within which the plaintiff could institute this action will not expire before December, 1930, and the Judge very properly did not insert in his order the provision contended for by appellants.

Appellants allege error because his Honor extended the time within which to pay the amount of costs specified in his first order. The motion to have the time within which to make payment extended was made and heard before the time expired for making payment, as required in the original order, and was based upon good and sufficient grounds, as appear by affidavit to which we have already called attention. We do not agree with appellants' contention that Judge Wilson was without authority to grant the motion, and we think his Honor properly exercised his discretion on the showing made in granting the extension

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.