15347

JONES v. SOUTH CAROLINA POWER CO.

(18 S. E. (2d), 336)

*Messrs. Williams & Busbee,* of Aiken, for appellant,

*Messrs. Hendersons & Salley,* of Aiken, for respondent,

382

Counsel for appellant,

December 21, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE A. L. GASTON.

This suit was begun on August 22, 1940. The complaint alleges that the plaintiff is the owner of a tract of land in Aiken County, known as the Indian Mound tract or Cheetham Place. The defendant is a public service corporation engaged in generating, transmitting and selling electric current, with the power of condemnation. It is further alleged that prior to December 23, 1936, the defendant had been negotiating for a right-of-way over said land, and had served notice of proceeding upon the plaintiff to establish the right-of-way by condemnation, whereupon the parties agreed upon a price for said right-of-way. A deed therefor was executed by the plaintiff, conveying the right-of-way for a distance of 3,517 feet over said land, "But said conveyance was executed and delivered upon the express condition, amongst other things; that: It is understood that all timber cut on the above strip is to remain the property of the grantor and that the South Carolina Power Company, its successors, agents or assigns, will cut and trim up such timber and place the logs or poles near the edges of said strip and shall trim and pile the pine limbs so that they may be used for wood. This condition was incorporated in the conveyance after mature deliberation on the part of the parties thereto (the plaintiff and the defendant here), because the timber upon said right-of-way was of exceptional quality and value as logs or poles; and the limbs were of considerable value for fire wood, copy of said conveyance being hereto annexed and hereby made part hereof and marked Exhibit 'A'."

It is then alleged that it was the duty of the defendant in clearing the right-of-way to cut and trim up the timber and place the logs near the edges of the strip to be sold by the

plaintiff as his property for use as telephone poles, and other exceptional uses for which such timber is suited, which was well known to the defendant. Also that it was the duty of the defendant to trim and pile the pine limbs for fire wood as aforesaid.

The complaint then alleges: "That the defendant, its agent and representatives, in utter disregard of its duties as aforesaid and of the provisions of the contract of sale, entered upon the land described therein, pursuant to the license granted thereunder, and cut down and cut into short odd lengths plaintiff's said valuable logs and poles, rendering them unfit for any purpose except fire wood and scattered the limbs of the pines without trimming them all over the right-of-way and over the property of the plaintiff beyond the right-of-way, necessitating the expenditure of additional sums to trim them and to get them together for the market, and doing damage to the property of the plaintiff beyond the right-of-way, where they, in violation of their said agreement, cleared the lands of the plaintiff."

It is further alleged that the logs thus cut into odd short lengths were scattered all over the right-of-way and that some were put into gullies all in violation of the agreement; that between 500 and 600 valuable pine trees and timber therein were destroyed; and damages in the sum of $3,000.00 are demanded.

The answer denies the material allegations of the complaint, pleads further that one phase of this litigation has heretofore been before this Court. See *Jones v. Power Company,* 191 S. C., 419, 4 S. E. (2d), 625; and defendant's answer in the pending case sets up that fact, and sets up the defenses of election of remedies and *res adjudicata;* the first action having been discontinued after the decision of the Supreme Court; and this action having been brought, after payment of costs. The answer further alleges or pleads as a fourth defense that pursuant to the agreement the defendant paid the plaintiff for said easement $1,500.00 and received a deed therefor; that the defendant carried out the agreement

in a careful and proper manner, cut and piled the wood, timber and limbs of trees as stipulated in the deed. The answer says further that the logs as cut had to vary with the size of the trees; also that the ground was hilly and it was difficult to remove the logs, but denies that the defendant damaged the plaintiff.

On the trial of the case before his Honor, Judge Lide, after a jury was impaneled, an agreement was reached between the attorneys and the parties to the effect that the testimony should be taken, first, alone, upon the defense of election of remedies and *res adjudicata,* and that defendant should then be permitted to move for a directed verdict which if granted would end the trial then in progress, but with the further understanding that if the motion were refused that the trial would proceed on the other issues.

Thereupon the defendant offered in evidence as its showing to sustain these defenses the Transcript of Record before the Supreme Court as evidence of what transpired in both the Court of Common Pleas and before the Supreme Court in the former action in this matter, including the decision in that case, reported in 191 S. C., 419, 4 S. E. (2d), 625.

The plaintiff then proposed to offer testimony that Judge Bellinger had ruled out, to show that 400 trees each worth $3.50, and others ranging in price were cut down in the right-of-way and left strewn all over the right-of-way, some trees being 75 feet long, suited for telephone poles and that there were 1,400 and odd stumps of trees cut down and left on the ground, some rolled in gullies and cut in short pieces six or eight feet long.

However, Judge Lide held that the record of the former case raises all the issues of law involved in the defenses, but that the Court would assume that the plaintiff will offer to prove the allegations of the complaint, if the present case will lie. The legal question presented to Judge Lide was whether or not the second and third defenses can be sustained. The defendant then moved for a directed verdict, at the conclusion of the testimony as to the second and third defenses up-

on seven grounds. After argument of counsel Judge Lide granted the motion.

The order of Judge Lide holds, (1) that the complaint in the first suit stated two causes of action, one for breach of contract and one in tort, (2) that Judge Bellinger in the trial of the first case held that the plaintiff must elect. While the plaintiff's attorney did not use the term "elect," he said that his construction of the complaint was that it stated a cause of action in tort "in the manner in which they performed the contract," he also said, "We claim it is simply a tort growing out of a breach of contract," (3) there was, therefore, an election to proceed in tort, and Judge Bellinger excluded the testimony offered to show a breach of contract and granted a nonsuit. (4) The Supreme Court affirmed the judgment, holding that such testimony as was given in support of the cause of action in tort did not show any damage to the plaintiff. Judge Lide, therefore, directed a verdict for the defendant.

The appeal herein by the plaintiff raises the issue that the plaintiff did not elect, but pursued a mistaken remedy of trespass when he brought the former action. The defendant has served as additional grounds to sustain Judge Lide's order, the seven grounds set forth in the record, and being the same grounds upon which the motion for a directed verdict was made.

It cannot be denied or doubted that the decision of the Supreme Court upon the issues raised in the first case is final as to such issues.

On the trial of the first case the following is shown by the record to have been the procedure adopted, to-wit: "Mr. Salley: We desire to move to require counsel for the plaintiff to elect whether plaintiff will proceed on an action on contract or an action in tort for fraudulent breach of the contract for fraud and deceit. The action arose out of a contract, and I think the allegations might be appropriate to it, but he would not have a right to try them both at the same time, and I think he should be required to elect as to what cause

of·action he will proceed on at this trial. The Court: I think he states a cause of action for trespass, too. Mr. Salley: It arises out of a right-of-way contract. The Court: It strikes me he also states an action for trespass in addition to any breach of contract." .

Later Judge Bellinger ruled that the plaintiff brought·the action and has elected for a tort; namely, a trespass, beyond the right-of-way. Judge Bellinger refused to allow the plaintiff. to prove any violation of the contract resulting in a tort. He held that such proof could only relate to a cause of action for breach of contract. Judge Bellinger also ruled that plaintiff could only claim damages for trespass beyond the right-of-way by a condemnation proceeding, having given permission to the defendant to go on the land in the first place. The plaintiff on the trial of the first case· was not permitted to introduce testimony as to actual damages caused by a violation of the contract in the way that they cut up the timber within the right-of-way, nor beyond the right-of-way, on the theory of a tort growing out of the contract.

Nowhere did the defendant in the former case, nor in the present case, contend that the former suit was for trespass, nor that condemnation was the only remedy. The defendant's motion above quoted was not based upon such grounds. The argument in the case at bar does not urge such grounds. Judge Lide did not so hold. The defendant's seven points of additional grounds to sustain Judge Lide do refer to a trespass, but are not argued. In fact the defendants say that what the Supreme Court did is·the law of the case and not any alleged reasoning at the former trial,. either of· counsel or of the trial Judge.

By the decision on appeal in the former case this Court clearly pointed out, among other things, that "the delict charged is that the defendant company destroyed a quantity of plaintiff's timber, wood and. other property that was especially reserved to him in a right-of-way deed or contract."

On defendant's motion that the plaintiff be required to elect "opposing counsel thought that the complaint stated

only a cause of action for tort arising out of a breach of contract, in the manner in which the defendant performed its contract, and said that they did not claim anything else. The case then proceeded to trial on the understanding that the action was one in tort." "Much of the testimony offered by the plaintiff was ruled inadmissible by the Court," and a nonsuit was granted on the ground "that the evidence did not establish the claim for damages as sued for." * * * "We do not find, from an examination of the evidence, proof of any damages suffered by plaintiff by reason of alleged trespass. The trial Judge, therefore, properly granted the motion for a nonsuit."

It seems now, therefore, that the main controversy arises over the right of the plaintiff, after an order of involuntary nonsuit in the former case; due largely to the exclusion of practically all evidence offered, to bring a second suit, based upon a contractual relation between the parties arising out of the same state of facts, but upon a different cause of action. An order of involuntary nonsuit is not a final determination of the case on its merits. The plaintiff is entitled to alternative remedies under the law and the facts in this case. The remedy first invoked of tort, based on alleged fraud in the breach of the contract, or upon trespass, was a mistaken remedy, due to the law that where permission to enter is granted, condemnation proceedings and not a suit for trespass is the proper remedy.

"In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, *·* * or unless by the invocation of the remedy first sought to be enforced, the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other." *Ebner v. Haverty Furniture Company;* 138 S. C., 74, 136 S. E., 19, 20; *White v. McKnight et al.,* 155 S. C., 370, 152 S. E., 512; *Nettles v. Sottile et. al.,* 184 S. C., 1, 191 S. E., 796; and 18 Am. Jur., § 12, page 135, and page 146, § 24, under Election of Remedies.

By reason of the order of involuntary nonsuit on defendant's motion in the former suit, the case did not reach the stage of final adjudication, and therefore defendant's second defense under its answer in the case at bar cannot be sustained.

The plaintiff did not gain an advantage in the first suit, and did not cause any detriment or change of situation to the defendant therein. In fact the defendant has so far successfully warded off all attacks without coming to blows by means of evidence in behalf of the defendant, and the defendant has shielded itself from the plaintiff's blows by exclusion of almost all of the evidence proffered and by legal issues interposed, before the case could reach the jury. The third defense of defendant's answer cannot be sustained.

The fourth defense of the answer raises a jury issue upon which no opinion is expressed, or sought, in this appeal.

The exceptions should be sustained, and the judgment below reversed.

Be it so ordered.

MR. ASSOCIATE JUSTICE FISHBURNE concurs.

MR. ASSOCIATE JUSTICE BAKER concurs in result.

MR. ASSOCIATE JUSTICE STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE disqualified.

MR. ASSOCIATE JUSTICE FISHBURNE (concurring) : I concur in the opinion of Mr. Acting Associate Justice Gaston, and join with him in the holding that the plaintiff in the trial below made no true election and that the case should be remanded for a new trial.

An election presupposes the existence of two or more remedies from which a choice may be made, and the conclusiveness of such election is predicated on the inconsistency of such remedies. The doctrine of preclusion by the adoption of an inconsistent remedy assumes the existence of a legal right to proceed in either way. A party may erroneously pursue a remedy which is not open to him at all, and the question arises whether because of his mistake he must be held to have renounced the remedy which he had:

As to this matter, there seems to be no uncertainty in the decisions. Certainly no uncertainty exists in this State. The question has been elaborately discussed and clarified in *McMahan v. McMahan,* 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295; *Scott v. McIntosh,* 167 S. C., 372, 166 S. E., 345; *White v. McKnight,* 155 S. C., 370, 152 S. E., 512. And see to the same effect 18 Am. Jur., § 24, page 146; 28 C. J. S., Election of Remedies, § 12, page 1080.

It is well established that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the party supposed them to be, or the law applicable to the facts is found to be other than supposed, do not bar the plaintiff from thereafter invoking the proper remedy. If the plaintiff has no such remedy as he invokes, his action in pursuing it does not constitute an election. *Nettles v. Sottile,* 184 S. C., 1, 191 S. E., 796.

It seems clear to me that the plaintiff on the first trial of this case misconceived his right when he elected to proceed upon the theory of trespass, a remedy to which under the circumstances he was not entitled, and which was not available to him because the condemnation statute was exclusive.

In the former appeal, *Jones v. South Carolina Power Company,* 191 S. C., 419, 4 S. E. (2d), 625, 629, we said: " * * * if the power company, in the exercise of the right granted it to construct its electric transmission lines, etc., over the strip of land described, violated or breached such condition or agreement in any manner, then the remedy of the plaintiff was under the contract itself. See *Rankin v. [Sievern & Knoxville] Railroad Company, supra* [58 S. C., 532, 36 S. E., 997]; *Granger v. Postal Telegraph Company, supra,* [70 S. C., 528, 50 S. E., 193, 106 Am. St. Rep., 750]."

The case now before us is one on contract, and testimony to sustain it is substantially the same as was offered to prove the action on trespass, which was the issue when this case was first tried, and this action was treated as one in tort. As a tort action, we held that the presiding Judge properly

ruled inadmissible all evidence tendered by the plaintiff to prove the breach of the contract. And we further stated that while competent testimony was admissible to establish the allegations of the cause of action for trespass, we did not find from the evidence proof of any damages suffered by plaintiff by reason of the alleged trespass.

It is entirely plain, I think, as is pointed out in appellant's brief, that the competent testimony referred to, and which was not present, was the testimony that the defendant entered upon the plaintiff's land without his consent. Such evidence was not admissible because under the provisions of the deed signed by the plaintiff the defendant was granted the right to make entry so that the plaintiff was either relegated to the condemnation statute or else to an action for breach of contract. He had no choice to proceed on the action for trespass because no such remedy was open to him, and his action in pursuing it did not constitute an election.

As was said in *White v. McKnight,* 155 S. C., 370, 152 S. E., 512, 517, "Because the plaintiff undertook to pursue a course which was not open to him or adopt a supposed remedy which did not in reality exist, he is not now precluded from following the only course open to him and seeking the only remedy he had at the outset * * *." On the same point, see *Ebner v. Haverty Furniture Company,* 138 S. C., 74, 136 S. E., 19.

Mr. Associate Justice Baker concurs.