16308

LAFITTE *ET AL.* v. TUCKER

(57 S. E. (2d) 255)

202

*Messrs. Nicholson & Nicholson,* of Greenwood, *and B. E. Nicholson,* of Edgefield, *for appellants,* ▮

*Messrs. Joe W. Cox,* of Johnston, *and Jeff D. Griffith,* of Saluda, *for Respondent,*

January 11, 1950.

TAYLOR, Justice.

Action in this case was commenced in the Court of Common Pleas for Edgefield County on or about January 21, 1949, wherein appellant alleged that respondent had committed waste upon a lot in the Town of Johnston, South Carolina, by removing valuable shrubbery therefrom and leaving the roots of other shrubs exposed in such manner as to injure or cause them to die, such acts taking place between the date on which respondent contracted to sell the premises and the date upon which the sale was consummated. Respondent duly served his answer setting up among other defenses the plea of *res judicata*. At the time the matter came on for hearing before Honorable J. Woodrow Lewis, the presiding judge, and after the jury was impaneled and sworn, it was agreed, in the absence of the jury, that the plea of *res judicata* would be disposed of first.

For the purpose of disposing of such plea, it was agreed by counsel representing appellants that the testimony in this case would be the same as that taken in the former case of *F. A. Laffitte v. E. W. Tucker,* which was heard at the November term of Common Pleas Court for Edgefield County before the Honorable James A. Moss, special judge, who, after all testimony was in for plaintiff, upon motion of counsel for the defendants, respondents here, ordered an involuntary nonsuit, and from this order there was no appeal.

After hearing arguments from both sides, his Honor sustained the plea of *res judicata,* and it is from this ruling and order that appellants come to this Court.

The first action was styled *F. A. Laffitte, plaintiff, v. E. W. Tucker, defendant,* and was brought under the theory of contract, while the cause of action from which this appeal stems is styled *F. A. Laffitte and Sara B. Laffitte, plaintiffs, v. E. W. Tucker, defendant,* and is brought under the theory of waste committed upon the property between the date of agreeing to purchase and the consummation of the contract.

A comparison of the two shows that they are the same with the exception that Sara B. Laffitte appears as party plaintiff along with her husband in the second case where she did not in the first and that the removal of such shrubbery is characterized as waste, while the first case is based upon the theory of breach of contract. "The doctrine of *res judicata* is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper form of proceeding. In such situation, the plaintiff is entitled to bring the proper proceeding to enforce his cause of action." 30 Am. Jur., Judgments, Sec. 210, P. 946-947.

In the recent case of *Griggs v. Griggs,* 214 S. C. 177, 51 S. E. (2d) 622, 627, this Court discussed the doctrine of *res judicata* rather fully, and it is stated therein: "The fact that a party through mistake attempts to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the court adjudged that in never existed, does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is entitled." *Johnston-Crews Co. v. Folk,* 118 S. C. 470, 111 S. E. 15; *Water, Light & Gas Co. v. City of Hutchinson,* 10 Cir., 160 F. 41, 19 L. R. A., N. S., 219.

In the first case, counsel was required to elect and erroneously chose to proceed under the theory of contract, a supposed remedy which was not available, and were properly nonsuited because title had been accepted by plaintiffs with knowledge that the shrubbery had been removed, while the instant case is bottomed upon the theory of waste which could not be maintained until title had been acquired. Therefore, the causes of action in the two cases were not the same and the doctrine or *res judicata* does not apply.

A similar situation existed in *Jones v. South Caro-lina Power Co.,* in which there were two appeals, reported respectively in 191 S. C. 419, 4 S. E. (2d) 625, and 198 S. C. 380, 18 S. E. (2d) 336. In a concurring opinion in the second appeal, 198 S. C. at p. 388 *et seq.,* 18 S. E. (2d) at page 340, Mr. Justice Fishburne makes a frequently difficult subject very clear.

"An election presupposes the existence of two or more remedies from which a choice may be made, and the conclusiveness of such election is predicated on the inconsistency of such remedies. The doctrine of preclusion by the adoption of an inconsistent remedy assumes the existence of a legal right to proceed in either way. A party may erroneously pursue a remedy which is not open to him at all, and the question arises whether because of his mistake he must be held to have renounced the remedy which he had. As to this matter, there seems to be no uncertainty in the decisions. Certainly no uncertainty exists in this State. The question has been elaborately discussed and clarified in *McMahon v. McMahon,* 122 S. C. 336, 115 S. E. 293, 26 A. L. R. 1295; *Scott v. McIntosh,* 167 S. C. 372, 166 S. E. 345; *White v. McKnight,* 155 S. C. 370, 152 S. E. 512. And see to the same effect 18 Am. Jur., § 24 page 146; 28 C. J. S., Election of Remedies, § 12, page 1080.

"It is well established that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the party supposed them to be, or the law applicable to the facts is found to be other than supposed, do not bar the plaintiff from thereafter invoking the proper remedy. If the plaintiff has no such remedy as he invokes, his action in pursuing it does not constitute an election. *Nettles v. Sottile,* 184 S. C. 1, 191 S. E. 796.

"It seems clear to me that the plaintiff on the first trial of this case misconceived his right when he elected to proceed upon the theory of trespass, a remedy to which under

the circumstances he was not entitled, and which was not available to him because the condemnation statute was exclusive."

The second action, on contract, was upheld despite an involuntary nonsuit in his former action in tort upon the same alleged facts and defendant's plea of election and *res judicata*.

Considering the *Griggs case* further we find: "In order for one to avail himself of the plea of *'res judicata'* there must be identity in thing sued for, *identity of cause of action,* identity of persons and parties to action and identity of quality in persons for or against whom claim is made." (Emphasis ours).

Respondents also cite the *Griggs case* as authority for the principle of law that if the same facts would sustain both actions a judgment upon the former is a bar to the latter, and with this we agree; however, in the instant case the facts failed in the first action which was brought under contract, but would suffice in the second, if having been brought under the theory of waste.

We are therefore of the opinion that the ruling and order sustaining respondent's plea of *res judicata* should be reversed and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.