18010

Walker M. LANCASTER and Thelma S. Lancaster, Appellants, v. Smithco, Inc., Respondent

(128 S. E. (2d) 915)

452

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellants,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Respondent,*

December 31, 1962.

Moss, Justice.

Walker M. Lancaster and Thelma S. Lancaster, the appellants herein, on June 21, 1956, purchased from Smithco, Inc., the respondent herein, a certain lot of land in Spartan-

burg County. The deed is in the usual form conveying a fee simple title with a general warranty.

The present action is one by the appellants against the respondent for a breach of the covenant of general warranty contained in the aforesaid deed. The appellants allege that the respondent breached the aforesaid warranty in that it failed to deliver clear title to the entire lot conveyed to them for the reason that Transcontinental Gas Pipe Line Corporation had acquired an easement ninety feet wide across the rear of the lot for the installation of pipe lines and had installed thereon two such lines. It is further alleged that the appellants bought the lot described in the deed in reliance upon the general warranty therein contained, and that since the lot in question was burdened with the foregoing easement they have suffered damage.

The answer of the respondent admits that it conveyed the lot in question to the appellants by a deed containing a general warranty clause and that the pipe line corporation acquired an easement across the property now owned by the appellants prior to the time the respondent purchased the said property. As a second defense, respondent alleged that it conveyed the premises in question to the appellants, incorporating as a part of the description of said premises so conveyed, a plat thereof, which said plat was of record, and showed a pipe line easement, and that the warranty therefore was subject to the easement shown on the recorded plat. As a third defense, the respondent set up what is denominated a plea in bar. In this defense the respondent alleged that the appellants had previously commenced another action against it, asserting that they had been defrauded and deceived by the failure of the respondent to deliver a fee simple title to the premises in question because of the existence of the easement heretofore referred to in the pleadings. It is then alleged that on motion of the respondent in the former action, the appellants were required to elect whether they would proceed in tort or in contract and they elected to proceed against the respondent for fraud and deceit. It is then alleged

that the appellants pursued their remedy in tort to a conclusion, which was adverse to them, and they are now barred from bringing this suit for a breach of warranty.

The previous action, pled as a bar to the present action, was the case of *Lancaster v. Smithco, Inc.,* 238 S. C. 15, 119 S. E. (2d) 145. Such previous action, pursuant to the election made by the present appellants, was one for fraud and deceit and in which they obtained a verdict for actual damages. The present respondent, who was the appellant in the previous action, by one of its exceptions in this Court, charged error in the refusal of the Trial Judge to grant its motion for a nonsuit because the appellants here had failed to allege and prove that it intended to deceive them. In sustaining this exception of the appellant, we said:

"Stated more concisely, the respondents rely solely upon the general warranty of the deed to prove a false representation, with intent to deceive.

"The question here is a novel one in that we have been cited no case by a purchaser of real estate for fraud and deceit based upon an alleged breach of the general warranty of the deed of conveyance. In this case, we are of the opinion that the general warranty does not justify a finding of an intent to deceive by the appellants.

"We limit this opinion to that one question, and express no opinion as to whether or not the evidence would justify a finding of a breach of warranty.

"The case will be remanded to the Circuit Court for the entry of a nonsuit in accordance with rule 27."

. The respondent pleads as a bar to the present action the judgment of this Court in the prior action between the parties, wherein the appellants unsuccessfully sought to sustain the judgment of the lower Court based upon a fraud and deceit action. The appellants assert that the aforesaid judgment does not constitute a bar but that the decision there authorizes the bringing of this action. We should point out that in the action which this Court decided, there was a fail-

ure of proof in the sense that the evidence was legally insufficient to raise a factual issue as to fraud. This being true, we held that the lower Court was in error in refusing to grant the motion for a nonsuit as made by the respondent, in that case.

The respondent in the instant case moved for judgment on the pleadings as to its third defense, asserting that such barred the appellants from proceeding with the present action. The parties having stipulated as to the factual situation, the plea in bar was heard by the Judge of the Spartanburg County Court. He sustained the respondent's plea in bar upon the ground of *res judicata* and election of remedies. This appeal followed.

The first question for determination is whether our decision in *Lancaster v. Smithco, Inc.,* 238 S. C. 15, 119 S. E. (2d) 145, was *res judicata* in the instant case. The Trial Judge so held and it is asserted that such was error.

In the case of *Whaley v. Stevens,* 24 S. C. 479, it was held that a judgment dismissing a complaint, which alleged the obstruction of road over which the plaintiff had a right of way in gross, for lack of evidence to sustain a right of way in gross, is not an adjudication that will defeat a second action alleging the obstruction of this same road over which the plaintiff had a right of way appendant or appurtenant. We quote from this case the following:

"* * * we think the judgment in the former case was nothing more than a judgment of nonsuit for failure of evidence to establish one of the material allegations of the complaint; and it certainly cannot be pretended that such a judgment, on such a ground, would support a plea of *res adjudicata.* * * *"

In the case of *McCown v. Muldrow,* 91 S. C. 523, 74 S. E. 386, this Court said:

"A motion for a nonsuit, on the ground that there is no testimony tending to sustain the material allegations of the

complaint, does not involve the merits, and the granting of such motion would not support a plea of res *judicata."*

We have held that a former judgment of nonsuit is *res judicata* as to a second action only when it is made to appear that the former adjudication had been on the merits of the action. *Whetsell v. Sovereign Camp W. O. W.,* 188 S. C. 106, 198 S. E. 153.

In the previous case this Court directed the entry of a nonsuit in favor of the present respondent because "the general warranty does not justify a finding of an intent to deceive by the appellants." Since the evidence failed to establish the material allegations of the complaint in the previous action, the granting of the nonsuit was not a decision on the merits and will not support a plea of *res judicata.* This exception of the appellants is sustained.

The only other question for determination is whether the appellants are barred, under the doctrine of election of remedies, from bringing the present action for breach of contract because they had previously brought an action of fraud and deceit.

An election of remedies presupposes existence of two or more remedies from which a choice may be made, and conclusiveness of such election is predicated on the inconsistency of such remedies. *Lafitte et al. v. Tucker,* 216 S. C. 201, 57 S. E. (2d) 255. However, this case establishes the rule that the mistaken choice of a fancied remedy on a certain state of facts is not such an election as will bar subsequent pursuit of another remedy which is appropriate to the same state of facts.

In the case of *Jones v. South Carolina Power Company,* 191 S. C. 419, 4 S. E. (2d) 625, it appears that the plaintiff had granted to the defendant a right of way to construct an electric transmission line over a strip of land. The power company agreed to cut and pile the timber on the right of way, which timber was to remain the property of the landowner. The complaint alleged that the defendant entered

upon the premises of the plaintiff and, contrary to its agreement, cut down and cut into short odd lengths the timber upon said right of way. When the case was called for trial the defendant took the position that the complaint stated at least two causes of action, one for breach of contract and the other in tort, and moved that the plaintiff be required to elect on which he would proceed. The plaintiff elected to proceed in tort. At the close of plaintiff's testimony a nonsuit was granted and such was affirmed by this Court. Thereafter, the plaintiff instituted a second action for breach of contract and the defendant pled the defenses of election of remedies and *res judicata*. The Trial Judge sustained these defenses and an appeal to this Court followed. This Court reversed, saying:

"It seems now, therefore, that the main controversy arises over the right of the plaintiff, after an order of involuntary nonsuit in the former case, due largely to the exclusion of practically all evidence offered, to bring a second suit, based upon a contractual relation between the parties arising out of the same state of facts, but upon a different cause of action. An order of involuntary nonsuit is not a final determination of the case on its merits. The plaintiff is entitled to alternative remedies under the law and the facts in this case. The remedy first invoked of tort, based on alleged fraud in the breach of the contract, or upon trespass, was a mistaken remedy, due to the law that where permission to enter is granted, condemnation proceedings and not a suit for trespass is the proper remedy.

" 'In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, * * * or unless by the invocation of the remedy first sought to be enforced, the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other.' *Ebner v. Haverty Furniture Company*, 138 S. C. 74, 136 S. E. 19, 20; *White v. McKnight et al.*, 155 S. C. 370, 152 S. E. 512; *Nettles v. Sottile et al.*, 184 S. C. 1,

191 S. E. 796; and 18 Am. Jur., § 12, page 135, and page 146, § 24, under Election of Remedies.

"By reason of the order of involuntary nonsuit on defendant's motion in the former suit, the case did not reach the stage of final adjudication, and therefore defendant's second defense under its answer in the case at bar cannot be sustained." *Jones v. South Carolina Power Company,* 198 S. C. 380, 18 S. E. (2d) 336.

The appellants, in the first action, misconceived their right when they elected to proceed upon the theory of fraud and deceit, a remedy to which, under the circumstances and the evidence, they were not entitled. It is well established that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the parties supposed them to be, or the law applicable to the facts is found to be other than supposed, does not bar the party from thereafter invoking the proper remedy. If the party has no such remedy as he invokes, his action in pursuing it does not constitute an election. *Lafitte et al. v. Tucker,* 216 S. C. 201, 57 S. E. (2d) 255. In both actions the appellants do not challenge the validity of the deed and the general warranty clause therein contained. Each action was based upon the existence of a valid deed and the breach of the general warranty therein contained. Therefore, the two actions are not inconsistent.

We think that the appellants have the right to maintain this action upon the same alleged facts, on contract, despite the involuntary nonsuit in the former action in tort, and the respondent's plea of election of remedies and *res judicata.*

Reversed and remanded for new trial.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.