## Stark Music Printing and Publishing Company, Appellee, v. M. Witmark and Sons, Appellant.

### Gen. No. 19,788.

1. SALES, § 108*—*necessity of rescission in toto.* To rescind a contract of sale, a party must do so *in toto;* he cannot affirm the contract in part and rescind in part.

2. SALES, § 108*—*what essential for rescission by buyer.* To entitle the buyer to a rescission of the contract of sale, he must put the seller in as good condition as he was before the sale, by a return of the property purchased, unless it is entirely worthless.

3. SALES, § 105*—*when buyer loses right to rescind.* A buyer of copies of sheet music and a certain song, including the music, musical composition, copyright and plates therefor, etc., *held* to have lost his right to rescind on the ground that the articles were not of the quality or description called for by the contract, where he did not return or offer to return the articles but printed from the plates and sold a great number of copies of the song and music.

4. SALES, § 244*—*implied warranty.* As a general rule when a written contract contains express warranties no others will be implied.

5. SALES, § 244*—*when oral statements cannot be added to written warranties.* Oral statements made prior or at the time of the making of a written contract of sale cannot add to the warranties contained therein.

6. SALES, § 283*—*when construction of contract as to warranty is for court.* It is for the court to construe a written contract to determine whether the language used constitutes a warranty.

7. SALES, § 401*—*when evidence insufficient to justify allowance of damages for breach of warranty.* In an action for the purchase price of articles sold, damages cannot be allowed for a breach of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

warranty where there is no evidence to show the value of the property at the time of the sale and what its value would have been as warranted.

8. SALES, § 404*—*measure of damages for breach of warranty.* The rule of damages in actions for the purchase price, where a breach of warranty is shown, is the difference between the value of the property at the time of the sale and what the value would have been had it been as warranted.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

BENJAMIN C. BACHRACH, for appellant.

ADLER & LEDERER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court for the plaintiff for $5861.37, entered on a directed verdict. The action was brought to recover on two promissory notes of defendant to plaintiff and for the purchase price of 14,793 copies of sheet music sold and delivered by plaintiff to defendant at the price of one cent per sheet. The principal and interest of the notes and the purchase price of the sheet music amount to $5,861.37, the sum for which the court directed a verdict.

Plaintiff sold and delivered to defendant a certain song, the music, musical composition and copyright upon the same, plates for printing the music, the title, instrumental arrangement in manuscript, plates for orchestration, advertising matter, zinc etchings, and everything pertaining to the printing and publishing of the song and music, for which the defendant paid plaintiff $2,500 and gave the two promissory notes sued on.

The contention of the defendant on the trial was that the musical composition was not original and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the contract had been rescinded, and also that the plaintiff warranted the musical composition to be original when it was not, and that therefore the plaintiff could not recover on the notes given in part payment of the purchase price.

The doctrine has been repeatedly announced by the Supreme Court that a party cannot affirm a contract in part and rescind in part. If he rescinds he must do so *in toto*. He must put the opposite party in as good condition as he was before the sale, by a return of the property purchased, unless it is entirely worthless. *America Theatre Co. v. Siegel, Cooper & Co.,* 221 Ill. 145.

Appellant did not return or offer to return the 14,793 copies of the song and music, nor the plates and other articles intended for use in printing the song and music, but printed from the plates and sold 200,-000 copies of the song and music. By such act defendant lost its right, if any it had, to rescind, or to defend an action for the purchase price on the ground that the articles sold were not of the exact quality or description called for by the contract.

In the bill of sale the description is: "A certain original song, words, music and musical composition, written and composed by Webb M. Oungst and Cy. Perkins, bearing the name of 'They Gotta Quit Kickin' My Dawg Aroun'." Then follow a number of express warranties which did not include a warranty that the song or music was an original composition. As a general rule, when there are in a written instrument express warranties, none will be implied. The oral statements of an officer of plaintiff made prior to or at the time of the making of the written contract cannot add to the warranties contained therein. *Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co.,* 146 Ill. App. 350; affirmed 242 Ill. 88; *Telluride Power Transmission Co. v. Crane Co.,* 208 Ill. 218; *Peoria Grape Sugar Co. v. Turney,* 175 Ill. 631.

· It was for the court to construe the written contract and decide whether the language used constituted a warranty. But if it be conceded that the contract contained a warranty that the song and music were original compositions, and that they were not original compositions, the evidence fails to show sufficient facts to entitle the defendant to an allowance of damages for a breach of such warranty, for the rule of damages in actions for the purchase price, where a breach of warranty is shown, is the difference between the value of the property at the time of the sale and what the value would have been had it been as warranted, and in this record there is neither evidence tending to show the value of the property at the time of the sale nor what its value would have been had it been as warranted.

We find no error in the rulings of the court on questions of evidence.

The record is, we think, free from error, and the judgment is affirmed.

*Affirmed.*