### EBNER v. HAVERTY FURNITURE CO.

#### (122 S. E., 578)

1. . SALES—REMEDIES OF BUYER WHO DISCOVERS MISREPRESENTATION AFTER PAYMENT OF PRICE.—Where a sale has been fully executed by payment of purchase price and delivery of goods, a buyer claiming that goods did not come up to seller's representations, may, within a reasonable time after discovery of misrepresentation, return or offer to return goods and demand a return of the purchase price, or retain goods and demand damages for breach of contract.

2. SALES—DEFRAUDED BUYER CANNOT ADOPT INCONSISTENT ATTITUDES.—While buyer may, in the event of fraud or default in seller's performance, at his election stand on contract and bring action for damages, or avoid contract and maintain an action for recovery of the price, he cannot treat the sale as void in order to recover the price, and valid in order to recover damages, the remedies being inconsistent.

3. SALES—BUYER CANNOT RESCIND, UNLESS HE TENDERS RETURN OF GOODS IN SUBSTANTIALLY SAME CONDITION AS HE RECEIVED THEM.—Buyer is not entitled to rescission and a return of his money, unless he is able to and does return or tender the goods to seller in substantially the same condition as he received them, and this rule applies, though damage to the goods was not the result of buyer's negligence.

Before RICE, J., Charleston, April, 1923. Reversed and remanded.

Action by H. T. Ebner against the Haverty Furniture Co. Judgment for plaintiff and defendant appeals.

---

Note: On construction of provision for return in the event of rescission for breach of warranty, see note in 32 L. R. A. (N. S.), 212.

*Messrs. Nathans & Sinkler,* for appellant, cite: *Rescission of executed contract:* 2 Rich. Law 40; 86 S. C., 170; 37 S. C., 7; 40 S. C., 111; 74 S. C., 206. *Redelivery of property to seller:* 2 Hill Const., 75; 180. *Seller must be put in statu quo precedent to rescission:* 1 Black on Rescission & Cancellation Sec. 1971; 6 R. C. L. par., 310; 41 S. E., 907; 24 A. & E. Enc. L., 646; 56 S. C., 508; 61 S. C., 448; 104 S. C., 550; 554; 104 S. E., 152; 92 S. W., 369; 160 Pac., 261; 156 N. W., 540; 189 Ill. App., 293; 93 S. E., 165; 110 S. E., 504; 121 S. E., 217; 111 N. Y. Supp., 561; 293 Fed., 560; Vol, 23 Code Law Re., 688.

*Mr. Ernest L. Visanska,* for the respondent, cites: *Presumption of due care:* 29 Cyc., 590; 68 Atl., 593.

April 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for rescission of a contract of sale of certain furniture and for damages. The plaintiff's complaint grows out of the following facts, which he alleges and offers evidence to sustain:

In January, 1921, the plaintiff purchased a suite of furniture from the defendant, and paid therefor $990; he installed it in his home and continuously used it up to February, 1922; at the latter time a fire in the plaintiff's home caused damage to the furniture; when he undertook to have it repaired, he discovered for the first time that the furniture was not solid mahogany, as the defendant had represented it to be; thereupon he tendered it back to the defendant in its damaged condition, claiming a rescission of the contract and a return of the purchase price, which he had paid to the defendant. This claim and the demand were refused by the defendant whereupon the present action was commenced.

At the close of the evidence the defendant moved for a nonsuit upon the ground "that where the goods have been

damaged so that the *status quo* cannot be restored, no rescission of a contract can be made."

It was conceded by the plaintiff that, while the furniture was in his possession, it was damaged by water with which his house had been deluged in extinguishing a fire; in fact he so alleges in his complaint, and testifies that it was so damaged as to require scraping and repolishing and revarnishing.

Where a sales contract involving personal property has been fully executed by the payment of the purchase price and the delivery of the property, and the buyer claims that the property purchased did not come up to the representations of the seller as to quantity or quality, he has the choice of the following remedies:   (1) He may, upon discovery of the misrepresentation, within a reasonable time which the law allows for an inspection, return or offer to return the property, and demand a rescission of the contract and a return of the purchase price paid by him; or (2) he may retain the property, and demand damages for a breach of the contract.

These remedies are in a sense inconsistent with each other; the one assuming that the title to the goods has never departed from the seller, and the other, that it has passed to the buyer, although they depend upon the identical state of facts; and it may be that under the principles announced in *McMahan v. McMahon,* 122 S. C., 336; 115 S. E., 293, they may not be so inconsistent as to demand the application of the principle of election of remedies.

"While the buyer may, in the event of fraud or default in performance by the seller, at his election stand on the contract and bring an action for damages, or avoid the contract and maintain an action for recovery of the price, he cannot treat the sale as void in order to recover the price, and valid in order to recover damages, the remedies being inconsistent."   35 Cyc., 606.

The remedy of rescission, when available, is as exact in its results as human arbitrament could possibly devise, the seller takes back his goods, and buyer his money. It is manifest that this result would not be obtained, unless both parties could be restored to the *status quo ante;* and that this could not be done if in the meantime the condition of the goods has been changed.

To allow the buyer to turn back upon the hands of the seller, property in a damaged condition, for which damage the seller was in no wise responsible, and recover the amount of the purchase price, would be to saddle the loss of such damage upon the seller; a manifest injustice.

The use of the furniture for more than a year was necessarily accompanied by some damage; besides ordinary wear and tear there would be added the sentimental element of its being second-hand furniture; and in the present case there is added the admitted damage by water, regardless of the exposure to the rain, which latter the plaintiff claims was due to the neglect of the defendant, who had promised to send for it.

Even if the plaintiff had the right to repair the furniture and make it "as good as new," there is no evidence that he had done so before he tendered its return to the defendant; in fact the evidence tends to show that he did not have it repaired on account of the cost.

The authorities are overwhelming upon the proposition that the buyer is not entitled to a rescission of the contract and a return of his money, unless he is able to and does return or tender the goods to the seller in substantially the same condition as he received them. *Ashley v. Reeves,* 2 McCord, 432: *Parkerson v. Dinkins, Rice,* 185. *Carter v. Walker,* 2 Rich., 40. *Byers v. Bostwick,* 2 Mill, Const., 75. *Benson v. Littlefield,* 2 Mill, Const., 180; 1 Black Resc. & Canc. § 1971; 24 A. & E. Enc. L., 646; 3 Elliott Cont. § 2421; 6 R. C. L., 310. *Holderby v. Taylor,* 87 W. Va., 166; 104 S. E., 550. *Monticello Bank v. Killian,* 127 Ark.,

410; 192 S. W., 369. *Lupton v. Mfg. Co.,* 173 Cal., 415; 160 Pac., 241. *Rosenwater v. Selleth,* 33 N. D., 254; 156 N. W., 540. *Stark v. Witmark,* 189 Ill. App., 293. *Stevens v. Mills,* 112 Me., 336; 92 Atl., 180. *Baum v. Hobbe,* 20 Ga. App., 619; 93 S. E., 165. *Small v. Robertson,* 28 Ga. App., 162; 110 S. E., 504. *Williams v. Fouche* (Ga. Sup.), 121 S. E., 217. *American Co. v. Jones* (C. C. A.), 293 Fed., 560, and many cases to the same effect cited in American Digest Title "Contracts," key No. 265.

The conception of the Circuit Judge that the buyer should be relieved of the obligation to restore the *status quo* of the property, where its changed condition was not due to his own negligence, is clearly erroneous. In no event should the seller be required to bear the loss of the changed condition for which he was in no wise responsible, whether that change was due to the neglect of the buyer or not.

The Circuit Judge should have granted the defendant's motion for a nonsuit.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the appropriate order under rule 27.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.