13188

LIQUID CARBONIC CO. v. COCLIN

(159 S. E., 461)

42

*Messrs. Ninestein & Baxley,* for appellant,

Messrs. *Harley & Blatt* and *Brown & Bush,* for respondent,

June 26, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The defendant purchased from the plaintiff a soda fountain outfit; there was a written contract between the parties; plaintiff accepted on the purchase price of the new fountain an old fountain owned by the defendant; and the purchase price was evidenced by notes of the defendant to plaintiff, the payment of which was secured by chattel mortgage over the soda fountain purchased. Defendant claimed the new fountain was not what it was represented to be by the plaintiff when the purchase was made, that it did not give satisfaction, and repeatedly demanded that it be put in shape. Plaintiff sent several of its representatives to Barnwell to put the fountain in shape, but the defendant continued to insist that the fountain would not work properly.

Finally, the parties went to law. The plaintiff, claiming default on the part of the defendant in meeting his promis-

sory notes, and that it was entitled to repossess the soda fountain outfit, brought claim and delivery action. The defendant filed the necessary bond and retained possession of the outfit, which he continued to use, pending the determination of the cause. He filed his answer to the complaint, and therein he set up a counterclaim in which he alleged damages for breach of warranty.

The case was tried in the Court of Common Pleas for Barnwell County before his Honor, Judge J. Henry Johnson, and a jury. A verdict was directed in favor of the plaintiff for the recovery of the property, or its value, $2,-179.00. (We assumed the debt evidenced by the notes.) The Judge let the issues arising out of the counterclaim go to the jury, and they returned a verdict in favor of the defendant for $2,161.60.

Plaintiff has appealed to this Court from the judgment against it in favor of the defendant. The exceptions are numerous, twenty-one in number. They complain that there was error in the admission of testimony, in the refusal to direct a verdict in favor of the plaintiff as to the defendant's counterclaim, on account of instructions given the jury and refusal to give other instructions, and for failure to grant a new trial. We shall treat the exceptions generally. It would incumber this opinion entirely too much to go into each one of them separately. Many of them raise, in different form, the same question. If it appears hereafter to those interested that any particular exception has been overlooked, they may feel assured that such is not the case, but that the exception has been considered and disposed of.

The written sales contract contains this provision: ██ "It covers the entire agreement between us." Did the trial Judge commit error in allowing respondent's counsel to ask appellant's witness, D. A. Cassil, on cross-examination, over appellant's objection, the following question: "Q. And at that time (time sale was made), it was understood by your salesman and Mr. Coclin (respondent)

that one of the frigidaire units would properly cool the things that are sold? A. When this equipment was sold to Mr. Coclin, we knew that he bought the equipment to keep his ice cream hard and to serve the public and to keep water cold." ? That oral testimony is generally inadmissible to vary the term of a written contract is elementary. The answer to the question complained of, as well as others that followed, clearly show that appellant knew the uses and purposes for which the equipment was purchased by respondent. It was only intended to show appellant's knowledge of the requirements of respondent when he was negotiating with its salesman at the time of the sale. The representations made by the salesman as to the qualities of the soda fountain equipment, made for the purpose of inducing the respondent to purchase same, did not add a new element to the written contract or otherwise vary its terms. *Empire Buggy Co. v. Moss,* 154 S. C., 424, 151 S. E., 788. It is difficult to see, therefore, wherein the question and answer complained of in any wise varied the terms of the written contract.

The seller is not bound to warrant any article he sells, and he has the right to limit the warranty given as he sees fit in any manner, and to any extent acceptable to the purchaser. *Black v. Kirkland Seed Co.,* 158 S. C., 112, 155 S. E., 268; *Knight v. Engineering & Sales Co.,* 151 S. C., 303, 149 S. E., 20; *International Harvester Co. v. Law,* 105 S. C., 520, 90 S. E., 186.

The sales contract is in effect an express warranty that the equipment delivered would be the same as that bought and sold. But the written sales contract does not contain any other express warranty, nor does it contain any nonwarranty clause. In the absence of an express warranty or a nonwarranty clause, the law will imply a warranty that the article sold is fit and suitable for the purpose for which it is bought and for which a sound price is paid. The fact that the contract of sale is in writing does not necessarily exclude warranties implied by law. 23 R.

C. L., 1402. There is no doubt but that appellant could have inserted in the contract a provision to the effect that all implied warranties were excluded, as was done in *International Harvester Company v. Law, supra.* This it did not do.

It is contended, however, that the above-quoted provision in the contract, to wit, that "It covers the entire agreement" between the parties, had the effect of excluding all implied warranties. We do not think so. Implied warranties are implications of law and not matters of agreement. If agreed upon, they become express warranties. Implied warranties may be expressly excluded. It will be observed that this provision in the contract relates only to the agreement between the parties and has nothing whatsoever to do with the implications of law.

The buyer of an article has a reasonable time within which to inspect the article purchased by him. If the purchaser, however, knows of defects at the time of purchase, or accepts the article after a reasonable time without inspection, he waives all objections on the ground of such defects. A reasonable time, in all the circumstances, is a question for the jury. After discovering the defects, he may elect to rescind the contract and recover back the purchase price, but he may not recover back the purchase price unless the contract is first rescinded. If he has paid part or all of the purchase price, he may retain possession of the article as security. If no part of the purchase price has been paid, the return or offer to return the article is necessary. If he has paid all or a part of the purchase price, he may sue for breach of warranty. If he has given a note for the purchase price, he may pay the note, and bring suit for breach of warranty, or he may refuse to pay the note and set up a counterclaim for damages for breach of warranty; and, if the purchase price has been paid in full or in part, the whole of the amount paid may be recovered. If the purchase price has not been paid, the purchaser should be entirely discharged from liability.

Instead of rescinding the contract, the purchaser may elect to retain the article and sue for damages for breach of warranty. In that case, the measure of damages is the difference between the actual value of the article in its defective condition, and its value had it been as warranted, unless the purchaser has waived the defects, and, in such case, the question of waiver is a question for the jury. *Stewart v. Smith,* 138 S. C., 124, 135 S. E., 801; *Ramsey v. Hill,* 92 S. C., 146, 75 S. E., 366; *Greenwood Cotton Mills v. Tolbert,* 105 S. C., 273, 89 S. S., 653, Ann. Cas., 1917-C, 338; *Carter v. Walker,* 2 Rich. (31 S. C. L.), 40; *Williamson Heater Co. v. Paxville School District,* 102 S. C., 295, 87 S. E., 69; *Kirven v. Virginia-Carolina Chemical Co.,* 77 S. C., 493, 58 S. E., 424; *Wiggins v. Hunter,* Harp. (16 S. C. L.), 80.

There was no rescission of contract in the case at bar. Respondent set up counterclaim for damages for breach of implied warranty in his answer. From the foregoing authorities, it is clear that respondent had a right to sue for breach of warranty, or to set up counterclaim for such breach, without paying in full the purchase price, and he would have had that right even after the article purchased had been repossessed by the appellant. It is also clear that the continuation of partial payments, after the discovery of defects, was not a waiver thereof as a matter of law.

The written sales contract does not state the purchase price of the soda fountain equipment purchased by respondent, or the amount allowed for his fountain, which was traded in on the purchase price thereof. It only states that respondent was to pay a stated cash consideration and deliver to appellant his old fountain in payment of the new fountain. There being no rescission of the contract, respondent was not entitled to recover back the money he has paid and his old fountain, but he is limited to damages for breach of implied warranty. The value of the new

fountain, had it been as warranted, was a question for the jury. Since the sales contract does not state the purchase price of the new fountain, or the amount allowed for the old one, it was proper to allow oral testimony in reference to the value of the old fountain and the amount allowed therefor in the trade. The purchase price however paid, whether in cash or by exchange of the old fountain, and other expenses of transporting the new fountain to Barnwell and in the installation thereof, were proper items to be considered in determining what the value of the new fountain would be in Barnwell had it been as warranted. We think the trial Judge fairly submitted to the jury the questions of damage and of waiver as to defects.

While a trial Judge should refrain from making any statement before the jury that would tend to impress upon them his views of the facts, or the weight that should be given any evidence, we do not think the remarks of the Judge in this case, in passing upon the admissibility of evidence, were objectionable, and especially is this true in view of his remarks in the general charge.

In a very vigorous and plausible way, appellant's counsel tried to show in the trial that the fountain sold to the respondent was almost perfect, and at least it was 96 per cent. efficient. On that theory, the Court was requested to hold as a matter of law that the respondent could only deduct from the purchase price such amount as should be deducted because of the slight deficiency of 4 per cent. in the efficiency in the outfit. We do not think the testimony so sustained the theory advanced as to justify the Court in taking the matter as thoroughly established. The figures, upon which the theory was based, came more from appellant's counsel than they did from the evidence adduced at the trial.

There was much variance in the testimony of the many witnesses, who were placed on the witness stand by both the appellant and the respondent, as to the amount of ice cream used in the fountain during the

time it was in the possession of the respondent, and, in some instances, the testimony of the respondent was conflicting. We cannot sustain the position of the appellant, however, that the conflict in the testimony is a matter for the attention of this Court. It was a matter for the proper consideration of the trial Judge on the motion to grant a new trial. All the matters relating to the conflict in the evidence were for the jury first, and even contradictions in the respondent's testimony would not justify this Court in upsetting the verdict. *Anderson v. Hampton & B. R. & L. Co.*, 134 S. C., 185, 132 S. E., 47; *Walker v. Casualty Co.*, 157 S. C., 381, 154 S. E., 221.

We are unable to find sufficient error, if there was any kind of error, in the trial below which requires a reversal of the judgment. We think the parties had a fair and impartial trial, and that the Court properly submitted the issues involved to the jury. The jury, exercising the right and duty accorded to them under the law, has found against the appellant, and, unless there was prejudicial error committed by the Court, we have no right to interfere with the jury's findings of fact.

The judgment below is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and BONHAM concur.

MR. JUSTICE CARTER (concurring): While I cannot say that I agree with the finding of the jury in this case, I am of the opinion that the issues therein were properly submitted to that tribunal, and, being unable to find any ground that would warrant this Court in reversing the judgment, I concur in an affirmance of the same.