14780

ELLIS v. MONTGOMERY & CRAWFORD, INC.

(200 S. E., 82)

74

80

*Messrs. Carlisle, Brown & Carlisle,* for appellant, 

*Messrs. Lyles & Daniel,* for respondent,

December 2, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The facts upon which this litigation is founded are stated in the order of Judge Greene, from which this appeal comes to this Court, which order will be reported and, hince, need not be repeated here.

We are in accord with the order of Judge Greene, with the exception of a slight modification. The opinion of the learned Circuit Judge as thus expressed is too broad:

"The Court knows that hammers of various types are simple tools on sale in thousands of retail stores, in constant and common use, and not ordinarily thought of in connection with splintering or breaking down with results so unfortunate as those experienced by the plaintiff here. And, in view of the wide-spread and continuous use of hammers throughout the world and for so many years, the instant result of the use of one would necessarily seem to be ascribable only to an unforeseeable accident, wholly without the contemplation of the parties at the time of its purchase.

"There are few articles of merchandise less apparently likely to cause injury from proper use than a hammer. Yet there are uncounted varieties of articles in common and constant use which could cause personal injuries with as much or more probability than a hammer would. It seems

to me that to hold the defendant liable here would establish a general principle of law very far-reaching in its effects. It would make retailers of the most simple, common ordinary, and most used household and other articles absolute insurers of the infallibility of manufacturers, middlemen, raw-material suppliers, and of every process and design, as well as of every agent and employee directly or remotely connected with furnishing materials, directing manufacturing processes, inspecting materials or work, packaging, transporting or in any way handling any article he re-sells. It would ascribe to a retail merchant a comprehensive consciousness of an infinity of circumstances and accidents which may properly be ascribed to omniscience alone. He would be held to have foreseen and contemplated occurences and happenings whose possibility is limited only by the limits which bound the possible.

"This would establish a rule so harsh in its application to retail merchants that its effects can only be seen in vague outline. The number and variety of articles for retail sale listed in the mail-order catalogs of the many important and nationally known merchants will indicate the reach of such a rule."

We do not think that a trip hammer comes under the definition of a simple tool. It may not be complicated in its construction, but it is somewhat complicated in its use, as distinguished from a simple claw hammer. That it may produce injury in its use is recognized by respondent's attorneys, who say in their answer, that the injury was solely due to the improper use of the hammer, "and to his negligent and careless failure to properly protect his eyes with goggles, as is the usual custom of mechanics when striking steel on steel or iron on iron in close proximity, and which is recognized as a usual and reasonably necessary part of the equipment of such mechanics, and a reasonable and necessary precaution under such circumstances of use as are described in the complaint."

If, then, the dealer is selling to an inexperienced person not accustomed to the use of a trip or riveting hammer and does not know of the danger from striking steel on steel, or iron on iron, and the dealer does know of such danger, it might be that the dealer might be liable under an implied warranty if he did not warn the purchaser of the danger in the use of the instument, which he impliedly warrants one to be suitable for the use for which it is intended.

This leads the Court to think that that language of the Circuit Judge above quoted is too broad in its scope and application.

However, what we have said has no application to the present case. The appellant alleges in his complaint that he is a mechanic, a fact known to defendant; that the dangers of the use of a riveting hammer are well known to defendant. There is no allegation of fraud, deceit or concealment of defects, or misrepresentation to mislead the buyer, who had equal opportunity with the seller to inspect the article.

"The ground of liability is the seller's superior knowledge of the dangerous characteristics of the article sold, and where it appears that the person injured was as fully cognizant of the peril as the defendant seller or manufacturer there can be no recovery. * * *" 24 R. C. L., 510, Sec. 803.

It is certain that the seller and buyer in this case were equally well informed of the use of the riveting hammer; that the appellant had equal opportunity for the examination of the article. There was no fraud or misrepresentation.

The exceptions are overruled and the order of the Circuit Court, with the modification herein made, is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.