**W. T. GATCH, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO.,
Defendant.**

**Civ. A. No. 5530.**

United States District Court
E. D. South Carolina,
Charleston Division.

Sept. 3, 1956.

---

Henry T. Gaud, Charleston, for plaintiff.

Hagood, Rivers & Young, Charleston, for defendant.

WYCHE, District Judge.

In compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

### Findings of Fact

1. On or about April 22, 1955, plaintiff purchased form the defendant a David Bradley Weed Cutter for a total purchase price with tax of $204.92.

2. The defendant represented to the plaintiff, before he bought the weed cutter that it was safe in every respect and that there was no danger to the operator in using it.

3. The representations were made by the defendant with the intention that plaintiff rely upon the same, and the plaintiff did rely upon the representations of the defendant, and the plaintiff was induced by such representations to purchase the weed cutter.

4. In using the weed cutter for the purposes for which it was intended, a rock or other hard object was hurled by the weed cutter back against plaintiff's left leg, cutting and breaking his leg and thereby seriously injuring plaintiff in his person.

5. As a result of said injuries to his leg, plaintiff was required to seek the services of a physician; he suffered intense pain and mental anguish; became subject to spasms of the nerves and muscles in his leg; he was incapacitated and unable to perform his regular work for a period of almost ten weeks, with the result that he suffered a loss of income.

6. Subsequent to the personal injuries to plaintiff, he returned the weed cutter to the defendant and exchanged it for a sickle bar mower and was paid a difference of $7.21.

7. After a short period of time after obtaining the sickle bar mower, and due to its claimed inefficient operation, the plaintiff returned the tractor and sickle bar mower and received full credit for the purchase price originally paid for both articles.

### Conclusions of Law

1. The rule is well established that a buyer of a chattel that has been sold under a warranty, either express or implied, which fails to comply with such warranty, has available to him either of two remedies. He may (1) retain the purchased article and recover the damages sustained; or, (2) restore or offer

to restore the article within a reasonable time, rescind the contract, and recover back the purchase price. He cannot pursue both of these remedies, and an election to pursue one is a waiver of the right to pursue the other. A rescission contemplates and requires the restoration of the status quo. There cannot be a rescission by the buyer coupled with a recovery for damages by reason of an alleged breach of the contract. These two remedies are inconsistent. Ebner v. Haverty Furniture Co., 128 S.C. 151, 122 S.E. 578; Yancey v. Southern Wholesale Lumber Co., 133 S.C. 369, 131 S.E. 32; Liquid Carbonic Co. v. Coclin, 161 S.C. 40, 159 S.E. 461; Ellis v. Montgomery & Crawford, Inc., 189 S.C. 72, 200 S.E. 82; Albert Lea Foundry Co. v. Iowa Sav. Bank, 8 Cir., 21 F.2d 515; Equitable Trust Co. of New York v. Connecticut Brass & Mfg. Corp., 2 Cir., 290 F. 712; Robb v. Vos, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52.

Judgment should be for the defendant, and it is so ordered.