Furman HIPP, Plaintiff,

v.

KENNESAW LIFE & ACCIDENT IN-
SURANCE COMPANY, Defendant.

Civ. A. No. 68-185.

United States District Court
D. South Carolina,
Columbia Division.

Nov. 5, 1968.

Dallas D. Ball, Lee & Ball, Columbia, S. C., for plaintiff.

J. Reese Daniel, Columbia, S. C., Hoke Smith, Atlanta, Ga., for defendant.

DONALD RUSSELL, District Judge.

This action was tried before me and a jury on September 19–20, 1968. Both at the conclusion of plaintiff's testimony and of defendant's presentation of evidence, the defendant sought a direction of verdict in its favor. Both motions were overruled. Upon submission, the jury returned a verdict of $1.00 actual damages and $2,500.00 punitive damages in favor of plaintiff. Defendant has now moved for a direction of verdict n.o.v., under Rule 50(b) of Rules of Civil Procedure. Such motion is granted.

So far as relevant to the motion, the facts are simple and clear-cut. The plaintiff applied for and was issued a combination policy of life insurance and savings by the Francis Marion Life Insurance Company. Subsequently, the Francis Marion Life Insurance Company became involved financially and its insurance contracts were assumed by the defendant, a corporation of Georgia.

From the testimony of the plaintiff, it appears that the defendant conceived the idea of approaching all the former policy holders of Francis Marion with savings contracts similar to that of the plaintiff and seeking to induce them to accept additional life insurance, the initial premium thereon to be paid for by the relinquishment of the amounts then in their savings account. Apparently, a variety of inducements were to be offered the policyholders. In the case of the plaintiff, the agent of the defendant represented that the additional insurance would be without cost to the plaintiff and would not disturb any of his rights, either as to life insurance or savings account, under the policy originally issued by Francis Marion. The agent explained the defendant's generosity in offering plaintiff this additional free insurance by representing that defendant needed to have additional insurance outstanding in order to enable it to qualify to do business in Alabama.[1] Though admittedly incredulous of the offer, plaintiff signed an application for such new insurance. Plaintiff testified that such application, which plainly showed the insurance applied for was not "free" but required the payment periodically of premiums, was signed by him in blank. Thereafter, the policy evidencing the new insurance was mailed to and received by the plaintiff. It included a copy of the application for such insurance signed by the plaintiff and properly filled in. The policy, just as the application form attached to and made a part of it, proved that the policy was not "free" but involved the payment periodically of an agreed fixed premium.

The plaintiff, who is an intelligent, well-educated businessman, testified he did not examine the policy when received nor the application therefor, attached thereto, and did not ascertain until many months afterwards that, in procuring the new insurance, he had applied his savings account under his original policy towards the payment of the premiums on the second policy.[2] When, however, he did discover the mistake, he immediately demanded of the defendant the rescinding of the whole transaction and the reinstatement of his savings account under his original policy. After some exchange of correspondence, the plaintiff returned to the defendant the policy of additional insurance for cancellation and the defendant fully rescinded the transaction and reinstated the original policy, restoring to the plaintiff all his rights under his original policy, including his savings account with interest at the agreed rate for the period during which the additional insurance had been outstanding. In other words, plaintiff was wholly and completely reinstated in his rights under his original policy and was placed back in the same position as if no additional insurance had ever been applied for or issued. He had complete rescission of the agreement between him and the defendant under which he had relinquished his rights in the savings account provided under his Francis Marion policy.

After he had thus been completely restored in all his rights under his Francis Marion policy and after the transaction between him and the agent of the defendant, which he contended arose out of a fraudulent misrepresentation by the agent, had been fully rescinded, plaintiff filed this action to recover damages for the fraud involved in the transaction.

█ The defendant contends that the demand of the plaintiff for rescission, followed by full reinstatement of all rights relinquished by the defendant, precluded the plaintiff from maintaining

1. Actually, defendant was at the time engaged in business in Alabama and had been so for many years before this conversation with the plaintiff.

2. Compare, Parnell v. United American Ins. Co. (1965) 246 S.C. 26, 31–34, 142 S.E. 2d 204; Gordon v. Fidelity & Cas. Co. (1961) 238 S.C. 438, 446–450, 120 S.E.2d 518; and Dukes v. Life Ins. Co. of Va. (1937) 184 S.C. 500, 504–508, 193 S.E. 36.

any subsequent action for fraud on account of the transaction thus rescinded.[3] I agree.

■ The issue posed is one controlled by the state substantive law. Estate Counseling Service v. Merrill Lynch, Pierce, etc. (C.C.A.10, 1962) 303 F.2d 527, 530; In re Bentzel (D.C.Md.1958) 161 F.Supp. 219, 222. The law of South Carolina on the point is plain: One induced to enter into a contract by fraud may either affirm the contract and bring an action at law for fraud or rescind the contract and be restored to his former position: *But* the two remedies are inconsistent; they are alternatives;` and both cannot be *successfully* invoked.[4]

Plaintiff's letter, demanding the rescission of the questioned transaction, represented a "decisive act", indicating an unequivocal election on his part; and, when his demand was acceded to by the defendant and he was restored to his former status under his original contract, he had made an effective election of remedies, precluding him from thereafter suing in fraud and deceit. Estate Counseling Service v. Merrill Lynch, Pierce, etc., *supra,* and other cases cited in note 4.

The plaintiff suggests that he should be permitted to pursue his inconsistent remedies because he did not realize the legal consequences of his election. The plaintiff is an intelligent person. He made his election for rescission without any suggestion or inducement on the part of the defendant. Whether he acted after legal advice or not, he cannot claim immunity from the plain, legal consequences of his act.

Motion for judgment in favor of the defendant n.o.v. is hereby granted, the verdict of the jury in favor of the plaintiff herein is set aside, and judgment in favor of the defendant is ordered.

And it is so ordered.

3. In its motion for directed verdict, defendant set forth three grounds. The last ground was that, by his acceptance of a reinstatement of his original policy, with all rights accruing thereon, plaintiff was precluded from recovery subsequently for fraud in inducing the transfer of the savings part of his policy. On the motion n. o. v., defendant seeks to make this ground more precise by amendment of its answer to include plea of estoppel by virtue of election of remedies. The original ground, though inartistically phrased, substantially raised the claim that the rescission accepted by plaintiff barred this action and the amendment adds nothing to the strength of defendant's motion.

4. Turner v. Carey (1955) 227 S.C. 298, 304–305, 87 S.E.2d 871; Liquid Carbonic Co. v. Coclin (1931) 161 S.Ct. 40, 47, 159 S.E. 461; Yancey v. Southern Wholesale Lumber Co. (1925) 133 S.C. 369, 377, 131 S.E. 32, 35 (See, particularly, the Court's statement: "He (the party claiming fraud) cannot do both, for the remedies are inconsistent as pointed out in that case"); Ebner v. Haverty Furniture Co. (1924) 128 S.C. 151, 153, 122 S.E. 578; Gatch v. Sears, Roebuck and Co. (D.C.

S.C.1956) 143 F.Supp. 937, 938–939; Parks-Cramer Co. v. Matthews Cotton Mills (D.C.S.C.1940) 36 F.Supp. 236, 238; Pacific Mut. Life Ins. Co. of California v. Rhame (D.C.S.C.1940) 32 F.Supp. 59, 62–3.

To the same effect, Durham v. New Amsterdam Cas. Co. (C.C.A.4, 1953) 208 F.2d 342, 344; Dellefield v. Blockdel Realty Co. (C.C.A.2, 1942) 128 F.2d 85, 90; Parker v. White (1952) 235 N.C. 680, 71 S.E.2d 122, 128; Estate Counseling Service v. Merrill Lynch, Pierce, etc. (C.C.A.10, 1962) 303 F.2d 527, 531; 37 C.J.S. Fraud § 65, p. 354, *et seq.*; 37 Am.Juris.2d, sec. 328, p. 435.

Of course, where the same state of facts gives rise to alternate remedies, the mere fact that a claimant seeks unsuccessfully one remedy or fails to pursue to the end one remedy may not preclude him from thereafter seeking the alternative remedy. McMahan v. McMahon (1922) 122 S.C. 336, 342–346, 115 S.E. 293, 26 A.L.R. 1295; Ebner v. Haverty Furniture Co. (1926) 138 S.C. 74, 78–79, 136 S.E. 19. But, where the act of rescission is complete, as here, it becomes an absolute bar to an action for fraud. Ebner v. Haverty Furniture Co., *supra.*