19023

Clifton HYDRICK, Appellant, v. MEHLMAN'S INC. and The
Magnavox Company, Respondents.

(172 S. E. (2d) 824)

*Owens T. Cobb, Jr., Esq.,* of Columbia, *for Appellant,*

*Walter S. Monteith, Esq.,* of Columbia, *for Respondents,*

March 6, 1970.

LITTLEJOHN, Justice.

The plaintiff, the purchaser of a stereophonic AM-FM phonograph machine, brought this action against the manufacturer and against the retail seller, alleging breach of a written warranty. The jury returned a verdict for the plaintiff in the full amount prayed for in the complaint, which was $595. Thereafter the defendants moved for an order of the court directing the plaintiff to deliver the machine to the defendants. The trial judge ordered that the machine be returned upon payment by the defendants of the amount of the judgment. From the order plaintiff has appealed.

The complaint alleged that the plaintiff bought the machine in December 1965 from Mehlman's Inc. for the sum of $595, and paid for the same by financing it through Commercial Credit Corporation, incurring the usual finance and other charges incident to the loan, and had already, at the time suit was brought (in November 1967) made twenty-two monthly payments on the loan and owed two additional payments. It further alleged that within approximately one

month the machine stopped playing; and that Mehlman's Inc. attempted to repair it several times during the first year and up until August 1967. The complaint goes on to allege that the machine was of poor and defective quality and that it was worthless and was not playing at the time the action was commenced.

The two separate answers of the defendants amount to a general denial, it being the contention of each defendant that the machine met each and every requirement of the warranty.

Whether the trial judge properly ordered the return of the machine to the defendants must be decided upon a determination of the nature of the action brought and tried. Where a sales contract involving personal property has been fully executed by payment of the purchase price and delivery of the property, and where the property purchased is not in keeping with the warranty, the purchaser has the choice of two remedies: 1. He may, upon discovery of the misrepresentation within a reasonable time, return or offer to return the property and demand a recision of the contract and a return of the purchase price; or, 2. He may retain the property, and demand damages for a breach of the contract. *Ebner v. Haverty Furniture Co.*, 128 S. C. 151, 122 S. E. 578 (1924).

Apparently no election was required or made as to which theory the plaintiff pursued. The complaint is in the usual form for a suit for damages. Recision is not mentioned in the complaint nor asked for in the prayer for relief; nor is it mentioned in either of the answers. The only allegation in the complaint even conceivably inconsistent with an action for damages is as follows:

"Plaintiff herewith tenders to both Defendants, or either of them, the said machine."

We do not think such an allegation makes the action one for recision in the light of the entire complaint, the answers and the charge of the law by the judge. There is not before us the testimony of the witnesses, but after the judge had

heard all of the testimony he treated the case as a damage suit and charged the jury accordingly. In his charge, which is before us, no mention is made of recision. The jury was charged that it could find for the plaintiff the sum of $595 or such lesser amount as it found due, and was charged that the measure of damages "would be the differences in the actual value of the stereo in its defective condition at the time of sale and its value if it had been as warranted." Such a charge, we think, contemplated that the plaintiff would keep the machine, and if a verdict for $100 or some similar amount had been returned, as would have been permissible, it would hardly be seriously argued that the defendants would be entitled to the return of the machine. The charge is inconsistent with the law applicable to an action for a recision. In an action for recision the judge should charge that the jury should return a verdict for the plaintiff for the whole amount of the purchase price, or find for the defendant. And it would be appropriate for the judge to tell the jury that if a verdict for the whole purchase price is returned the defendants would be entitled to the machine.

It is also persuasive that an action for recision must be brought within a reasonable time after the purchase price is paid and the misrepresentation discovered. In order to prevail in an action based on the right to rescind the purchaser must be able to return, or at least tender the return, of the goods to the seller in substantially the same condition as when received. See *Ebner, supra*. In this case the action was brought twenty-three months after the purchase; the judge's order to return the machine was issued three and one-half years after the purchase.

The lower court, in ordering the return of the machine, was apparently influenced by the fact that the plaintiff received a verdict for the full purchase price and "that the machine in question had some value although the same was small." The verdict was consistent with the prayer for relief in the complaint and was in keeping with the judge's charge

of the law. If the verdict was excessive, or if an injustice was brought about, the defendants could have moved for a new trial *nisi*. Upon such motion the judge could have granted a new trial unless the plaintiff agreed to reduce the money verdict or agreed to return the machine.

The charge on the law was advantageous to the defendants because it held out to them the possibility of a smaller verdict. Counsel did not object to the charge as being inconsistent with an action for recision. The case was tried as an action for damages. Defendants' post-trial motion for a return of the machine is consistent only with an action to rescind a contract.

Plaintiff may proceed to collect his judgment and the order of the lower court directing a return of the machine is

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.