20779

The GENERAL ELECTRIC COMPANY, Appellant, v. Harris HICKS, Respondent.

(248 S. E. (2d) 266)

*Shand, Lide & Stanton,* Hartsville, *for appellant.*

*Jennings & Jennings,* Bishopville, *for respondent.*

October 11, 1978.

LITTLEJOHN, Justice:

The lower court held that the defendant-respondent, Harris Hicks, was the owner of radio equipment procured from the plaintiff-appellant, The General Electric Company. G.E. has appealed.

It has been stipulated that G.E. brought an action against Hicks, seeking judgment for the remainder of the purchase price of radio equipment which it had sold to him. The purchase price of the equipment was $3,845.99; a down-payment in the amount of $384.48 was made. G.E. sought judgment in the amount of $3,461.51, the amount of the purchase price Hicks still owed.

Hicks answered and counterclaimed, alleging that G.E. breached its implied warranty and asking a money judgment in the amount of $384.48, his down-payment.

G.E. entered, in effect, a general denial to the counterclaim.

Upon trial the jury returned a verdict on the counterclaim in favor of Hicks in the amount of $384.48, the amount of the down-payment.

■ The parties then submitted to the judge the question of what should become of the equipment. He held that ". . . said property is declared to be the property of respondent, Harris Hicks, who had previously purchased the same and obtained title to the same." In so holding, the judge relied largely upon the case of *Hydrick v. Mehlman's, Inc.,* 253 S. C. 652, 172 S. E. (2d) 824 (1970). His order stated: "The character of an action is primarily determined by the allegations set forth in the Complaint." While this is oftentimes true, this case is different. In *Hydrick* relief was granted on the basis of the complaint. In this case the verdict was rendered on the basis of the counterclaim; so the counterclaim must determine the character of the relief granted.

In *Hydrick* we held that a dissatisfied purchaser has the choice of two remedies:

"1. He may, upon discovery of the misrepresentation within a reasonable time, return or offer to return the property and demand a recision of the contract and a return of the purchase price; or,

2. He may retain the property, and demand damages for a breach of the contract."

■ Our study of the defendant's counterclaim leads us to the conclusion that it amounted to an action for rescission, even though it was not specifically denominated as such. The counterclaim alleged:

"[1] That there has been a breach of an implied warranty of merchantability in that said radio transmission equipment is not fit for the ordinary purposes for which said goods are used.

■ That because of the defective nature of said equipment, the same is worthless to this Defendant and he has been damaged in the sum of Three Hundred Eighty-Four and 48/100 ($384.48) Dollars. [and]

■ That this Defendant offered to the Plaintiff for the Plaintiff to take back said equipment and to refund the Defendant the sum of Three Hundred Eighty-Four and 48/100 ($384.48) Dollars, paid as above alleged, all of which the plaintiff has refused to do."

Having concluded that the jury, in effect, allowed Hicks to rescind the contract, it follows that the judge should have declared the equipment property of the seller. Let judgment be entered accordingly. The order of the lower court is

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.