ENHANCE–IT, L.L.C., Plaintiff,

v.

AMERICAN ACCESS
TECHNOLOGIES,
INC., Defendant.

C.A. No.: 9:05–0546–23.

United States District Court,
D. South Carolina,
Beaufort Division.

Jan. 23, 2006.

Daryl G. Hawkins, Lewis Babcock and Hawkins, Columbia, SC, Thomas A. Pendarvis, Pendarvis Law Office, Beaufort, SC, for Plaintiff.

Bradish Johnson Waring, Nexsen Pruet Jacobs Pollard and Robinson, Kelly Jones Leventis, Carlock Copeland Semler and Stair, Charleston, SC, Phil A. D'Aniello, Fassett Anathony and Taylor, Orlando, FL, for Defendant.

## ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff Enhance–It, L.L.C.'s ("Enhance–It" or "Plaintiff") Motion to Amend its Complaint. Defendant American Access Technologies, Inc. ("AAT" or "Defendant") opposes this Motion.

## BACKGROUND

Plaintiff Enhance–It is a South Carolina limited liability company that purchased ultraviolet lighting products from AAT and AAT's predecessor in interest. In its Second Amended Complaint, Plaintiff alleged that AAT shipped it defective goods, and asserted causes of action for (1) breach of contract, (2) negligence, (3) fraud and misrepresentation, (4) breach of warranty of merchantability, (5) breach of warranty of fitness for particular use, (6) breach of express warranty, and (7) breach of contract accompanied by a fraudulent act. In an order dated October 5, 2005, the court dismissed Plaintiff's Second (negligence), Third (fraud and misrepresentation), and Seventh (breach of contract accompanied by fraudulent act) causes of action. The court dismissed the Third and Seventh causes of action because the Second Amended Complaint did not include specific factual allegations sufficient to meet the heightened pleading requirements of Rule 9(b).[1]

On October 19, 2005, based upon the parties' agreement and consent, the court entered an Amended Scheduling Order. Under this Order, the parties had until December 1, 2005 to file motions to amend their pleadings. Accordingly, on December 1, 2005, Plaintiff filed a Motion to Amend the Second Amended Complaint and attached a proposed Third Amended

---

1. Federal Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circum- stances constituting fraud or mistake shall be stated with particularity."

Complaint. This Third Amended Complaint attempts to correct those deficiencies of the Second Amended Complaint that prompted this court to dismiss Plaintiff's fraud and breach of contract accompanied by a fraudulent act causes of action.[2]

### STANDARD OF REVIEW

■ Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a pleading "be freely given when justice so requires." While this court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in [*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)] 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). A delay in bringing a proposed amendment is insufficient reason to deny leave to amend. *Id.*

■ For a motion to amend to be denied for futility, the amendment must be "clearly *insufficient or frivolous on its* face." *Oroweat Foods Co.*, 785 F.2d at 510–511; *see also, Rambus, Inc. v. Infineon Technologies, AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' ... [t]hus the substantive merits of a proposed

claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)); *see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F.Supp.2d 419, 423 (D.Md.2001).

### ANALYSIS

In this case, because Plaintiff filed the Motion to Amend the complaint within the time prescribed by the scheduling order, Defendant cannot claim that the proposed amendment was untimely. Nonetheless, Defendant argues that Plaintiff's motion should be denied because it is futile. Defendant contends that the proposed additional causes of action—fraud and breach of contract accompanied by fraudulent act—would not survive a motion to dismiss for failure to state a claim (1) because the allegedly false statement made by Defendant was an expression of opinion and cannot be considered fraudulent; and (2) because these causes of action are barred by South Carolina law.

#### (1) False Statement

■ Under South Carolina law, in order to prove fraud, the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Regions Bank v. Schmauch*, 354 S.C. 648, 582 S.E.2d 432, 444 (2003). Defendant claims that the facts as alleged in the

---

**2.** In the Third Amended Complaint, Fraud and Misrepresentation is the second cause of action and Breach of Contract Accompanied by Fraudulent Act is the sixth cause of action.

proposed Third Amended Complaint do not support a fraud cause of action and that the motion to amend should therefore be denied as futile. Specifically, Defendant argues that Plaintiff's proposed Complaint fails to describe a representation by Defendant that can be considered false.[3]

As the Supreme Court of South Carolina has held:

Deceit or fraudulent representation, in order to be actionable, must relate to existing or past facts, and the fact that a promise made in the course of negotiations is never performed does not in and of itself constitute nor evidence fraud. A mere breach of a contract does not constitute fraud .... [a] future promise is not fraudulent unless such a future promise was part of a general design or plan existing at the time, made as part of a general scheme to induce the signing of a paper or to make one act, as he otherwise would not have acted, to his injury.

*Coleman v. Stevens,* 124 S.C. 8, 117 S.E. 305, 307 (1923); *see also Bishop Logging Co. v. John Deere Indus. Equipment Co.,* 455 S.E.2d 183, 187–188 (1995) (holding that, where a fully mechanized swamp logging system was an unprecedented and untried concept and the defendant informed plaintiff that the system had never been attempted, the defendant's statements about the future performance of the system were statements of opinion or promises of future performance as opposed to false statements of present or pre-existing fact; therefore, the defendant's representation cannot be the basis for a finding of fraud).

In this case, the representation Plaintiff claims to be false is as follows:

John Presley, a representative of AAT, allegedly told Plaintiff that AAT "had tested a new ballast to be utilized in the UV lighting it was selling to Plaintiff ... and that it had tested the ballast for a year with good results, and that the new ballast would be better than the part it replaced." (Third Amended Complaint at 4.) Plaintiff further alleges that John Presley "knew the ballast had not been tested for a year, and further knew that rather than obtaining 'good results' from the testing, the results demonstrated that the ballasts were defective." (Third Amended Complaint at 4.) Defendant argues that these alleged statements are merely statements of opinion and expressions of intention and are not a proper basis for an action in fraud.

Defendant is correct that any representations or guarantees as to the future performance of the ballasts are not actionable. Nonetheless, the representation that the ballasts had been tested, regardless of the results of these tests, is a representation of fact, not opinion. Accordingly, if the ballasts had, in fact, not been tested, representing that they had been tested is a false representation of a pre-existing fact that can serve as the basis for a fraud cause of action. The court therefore finds that the Third Amended Complaint alleges the necessary elements of fraud such that the proposed amendment is not obviously futile.

**(2) South Carolina Law Regarding the Economic Loss Rule and Election of Remedies**

Defendant alleges that Plaintiff is requesting a remedy in tort for what is a purely breach of contract claim. Defendant therefore argues that South Car-

---

**3.** Defendant does not contest that Plaintiff has properly alleged all other necessary elements of fraud.

olina's economic loss rule bars these tort claims. Defendant correctly notes that under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." *Meddin v. Southern Ry.-Carolina Division*, 218 S.C. 155, 62 S.E.2d 109, 112 (1950); *see Tadlock Painting Co. v. Maryland Cas. Co.*, 322 S.C. 498, 473 S.E.2d 52, 55 (1996) (stating that the South Carolina Court of Appeals upheld the trial court's dismissal of the negligence action because the basis of it was breach of the contract, and the law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence); *Foxfire Village, Inc. v. Black & Veatch, Inc.*, 304 S.C. 366, 404 S.E.2d 912, 917–918 (1991) ("As a matter of law, if the duty to advise another arises merely from agreement of the parties, breach of the duty does not create a cause of action for negligent conduct."). However, where the contract creates a certain relationship between the parties, and certain duties arise by operation of law, irrespective of the contract, because of this relationship, the breach of such duties will warrant an action in tort. *See Kennedy v. Columbia Lumber and Mfg. Co., Inc.*, 299 S.C. 335, 384 S.E.2d 730, 737 (1989) (holding that a cause of action in tort will be available where a builder has violated a legal duty, no matter the type of resulting damage; the economic loss rule will still apply where duties are created *solely* by contract). As was said in one South Carolina case, *St. Charles Merc. Co. v. Armour & Co.*, 156 S.C. 397, 153 S.E. 473, 477 (1930), "[a]ctions in tort often have their beginning in contractual matters."

Here, Plaintiff does not allege mere failure to fulfill contractual obligations. Instead, it alleges that Defendant knew, at the time it promised that the ballast had been "tested for a year with good results", that such ballasts had never been tested. (Third Amended Complaint at 4.) Plaintiff relied upon this allegedly untrue statement in continuing contractual relations with Defendant. Thus, contrary to Defendant's assertion, it is not the case that "Plaintiff is attempting to take a simple contract and warranty claim and blow it out of proportion by alleging that the shipment of defective goods was somehow fraudulent." (Def. Opposition to Motion to Amend at 1.) "The case at bar does not involve any such attempt to dress up a contract claim in a fraud suit of clothes." *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 747 (2d Cir.1979) (examining allegation to determine whether to apply the statute of limitations for fraud or contract). In this case, Plaintiff has alleged that Defendant violated a duty imposed by tort law, *i.e.*, the duty not to commit fraud. Accordingly, Defendant is not entitled to the protection of the economic loss rule, which protects only those defendants who have breached only contractual duties. *City of Richmond, Va. v. Madison Management Group, Inc.*, 918 F.2d 438, 447 (4th Cir.1990).

 Defendant next argues that "Plaintiff's fraud claims fail to state any facts which are separate and apart from a contractual bargain for the sale and purchase of goods." As such, Defendant argues that Plaintiff's only remedy is under the contract. The court does not agree. As a general rule, a party induced to enter a contract by fraud has a choice among causes of action and remedies. If the fraud gives rise to a breach of promise or warranty, he may elect to sue in contract or in tort.[4] *Baeza v. Robert E. Lee Chrys-*

---

4. In these cases, if a plaintiff sues in contract, he may seek his expectancy damages under

*ler, Plymouth, Dodge, Inc.*, 279 S.C. 468, 309 S.E.2d 763, 766 (1983) (citing *Houston v. Gilbert*, 5 S.C.L. (3 Brev.) 63 (1812)). Under South Carolina law, "[w]hen an identical set of facts entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both." *Minyard Enterprises, Inc. v. Southeastern Chemical & Solvent Co.*, 184 F.3d 373, 381 (4th Cir.1999); *Save Charleston Found. v. Murray*, 286 S.C. 170, 333 S.E.2d 60, 64 (1985). "This rule rests on the principle that the plaintiff should have a full opportunity to prove his claim to some form of relief, but he should not receive a double recovery." *Baeza*, 309 S.E.2d at 766 (S.C.Ct.App.1983). Generally, a party is not required to make an election of remedies until after the verdict is entered and prior to the entry of judgment. *Minyard Enterprises, Inc.*, 184 F.3d at 381.

In this case, Plaintiff's fraud and breach of contract claims are based upon the same facts. Plaintiff, therefore, may not recover under both causes of action, but is not required to make an election of remedies at this time. Should this matter proceed to trial, Plaintiff may plead and prove both fraud and breach of contract causes of action although Plaintiff will ultimately be limited to one recovery. *Save Charleston*

*Found.*, 333 S.E.2d at 64; *Robert Harmon and Bore, Inc. v. Jenkins*, 282 S.C. 189, 318 S.E.2d 371 (1984); *see Carrigg v. Blue*, 283 S.C. 494, 323 S.E.2d 787 (1984).

The court finds that Plaintiff's Third Amended Complaint alleges facts sufficient to support the proposed additional causes of action and such causes of action are not obviously barred by the laws of South Carolina. As such, the proposed amendment is not clearly insufficient or frivolous on its face. Accordingly, as required by Rule 15(a), the court grants Plaintiff leave to amend the pleading.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Motion to Amend the Complaint is hereby **GRANTED.**

---

the contract or rescission and restitution of the contract price. *Ebner v. Haverty Furniture Company*, 128 S.C. 151, 122 S.E. 578 (1924); *see* S.C.Code Ann. § 36–2–711; S.C.Code Ann. § 36–2–721. A plaintiff suing in tort may, despite the fraud, elect to affirm the contract, retain the benefits received under it, and bring an action for deceit to recover damages sustained by reason of the fraud. *Baeza*, 309 S.E.2d at 766. Alternatively, a plaintiff suing in tort may elect to rescind the contract and recover the consideration paid plus incidental damages which were foreseeable and were incurred in reliance on the fraudulent misrepresentation. *Turner v. Car-*

*ey*, 227 S.C. 298, 87 S.E.2d 871 (1955); *Gilbert v. Mid–South Machinery Co., Inc.*, 267 S.C. 211, 227 S.E.2d 189 (1976). If he elects to affirm the contract and seek damages for the fraud, the measure of general damages is the difference between the value the plaintiff would have received if the facts had been as represented and the value he actually received. He is also entitled to recover any special or consequential loss which is the natural and proximate result of the fraud. *Lawson v. Citizens and Southern National Bank of South Carolina*, 255 S.C. 517, 180 S.E.2d 206 (1971).